JOHN W. LESTER, plaintiff in error, *vs.* THE STATE, defendant in error.

1. A discharge of the jury in a capital case because they are unable to agree on a verdict, does not operate as an acquittal of the accused.

Murder, and plea of former acquittal, in Dougherty Superior Court. Decided by Judge ALLEN, at June Term, 1862.

An indictment was found at December Term, 1861, of Dougherty Superior Court against John W. Lester, for the murder of Albert G. Owen, and he was put upon his trial at the same term.

The jury being unable to agree upon a verdict, the Court, on motion, passed an order reciting the inability of the jury, after a long deliberation, to agree, and declaring a mis-trial and discharging the jury. It appears from the pleadings that the jury were out two nights and one and a quarter days.

When the case was called at the ensuing June term, and before the prisoner was arraigned, his counsel filed a plea of *autre fois acquit*, upon the ground, that the mis-trial was

declared by the Court without the consent of the accused, he at that time being in jail, and that in consequence he was in law acquitted of the crime charged against him. To this plea the Solicitor General demurred as insufficient in law. The demurrer also stated that when the order was passed Peter J. Strozier, Esq., one of prisoner's counsel was present, and made no objection to its passage. The Court sustained the demurrer, and ordered the plea stricken out and the defendant to plead over. To this ruling defendant excepts. There was a motion made for a new trial, Lester having been found guilty of manslaughter, which was overruled by the Court, and defendant excepted.

L. P. D. WARREN, Solicitor General, and H. MORGAN, for defendant in error.

P. J. STROZIER, for plaintiff in error.

*By the Court.*—LYON, J., delivering the opinion.

John W. Lester was arraigned for trial in the Superior Court of the county of Dougherty, on a charge of murder, and said cause was submitted to a jury selected, empannelled and sworn to try the same at the December Term, 1861, of said Court. After hearing the evidence and being charged with the cause by the Court, the jury were unable to agree upon a verdict and were in consequence discharged by the Court and a mistrial declared. At the next term of the Court, when the case was again called for trial, the accused filed his plea of former acquittal, and relied upon the order of the Court discharging the jury from the further consideration of said cause; at the December Term, 1861, without his consent to sustain the plea, and upon a hearing of the same the presiding Judge overruled the plea. That is the only question made by this record for our consideration.

We are clear that the decision of the Court below was right. Whenever the jury in a criminal case like this is discharged by the Court from the further consideration of the cause, because of the impossibility of the jury's agreeing

on a verdict, or on account of the illness of a juror, the prisoner or the Court, such discharge is an absolute necessity, and does not and cannot operate as an acquittal of the accused. Goodwin vs. The People of New York, 18 Johns., 200; The State vs. McKee, 1 Baily, 651; Commonwealth vs. Cook, 6 Gray & Rawl., 577; Williford vs. The State, 23 Ga., 3.

Counsel for prisoner read and relied on the case of Reynolds vs. The State, 3d Kelly, 53. In that case, after the cause had been submitted to the jury, the Solicitor General without cause entered a *nolle prosequi.* That this Court held in that case, and very justly, operated as an acquittal of the accused; but the question in that case has not the slightest affinity or analogy to the one under consideration. The learned Judge who delivered that judgment, in his very elaborate opinion incidentally referred to the authorities and adjudications on the questions now before us, without giving an opinion of his own on the subject one way or the other, and upon a careful consideration of the authorities then collected, a candid inquirer cannot but admit that in a case of extreme or absolute necessity the jury may be discharged without the prisoner's being thereby acquitted. This is the exception to the general rule that is conceded by nearly every adjudicator on the subject.

Let the judgment be affirmed.