## BAGWELL $v.$ THE STATE.

1. In a prosecution for a felony the accused has the right to be present at every stage of the trial; and where the court in such a case, without the consent of the accused and during his enforced absence—he being confined in jail—ordered a mistrial because of the inability of the jury to agree, on a subsequent trial of the same case it was error, requiring a reversal, to strike a plea setting up such unauthorized mistrial and the former jeopardy of the accused.
2. The case of *Lester* v. *State*, 33 *Ga.* 329, wherein the decision, as applied to the facts, is contrary to the above ruling, being under review, is overruled.

Argued June 17,—Decided August 8, 1907.

Indictment for murder. Before Judge Reagan. Fayette superior court. April 25, 1907.

*Blalock & Culpepper* and *W. R. Daley,* for plaintiff in error.

*John C. Hart, attorney-general, O. H. B. Bloodworth, solicitor-general,* and *W. P. Bloodworth,* contra.

FISH, C. J. On his trial, under an indictment for murder, Foote Bagwell pleaded, in substance, that at a former term of the court he had been put on trial under the same indictment, and after the case had been submitted to the jury the court, without his consent and in his absence, he being at the time confined in jail, and in the absence of his counsel, discharged the jury without a verdict, on the ground of their inability to agree. This plea was stricken on demurrer, to which ruling the accused excepted pendente lite. There was a verdict of guilty, with recommendation to life imprisonment. The case is before this court on writ of error sued out by the accused, assigning error upon his exceptions pendente lite and upon the overruling of his motion for a new trial.

"No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for

a new trial after conviction, or in case of mistrial." Const., art. 1, par. 8; Civil Code, §5705. In *Oliveros* v. *State,* 120 *Ga.* 237, 47 S. E. 627, it was held, in effect, that a mistrial declared, not for legal cause, but, as in that case, erroneously, is a bar to another trial. And in *Lovett* v. *State,* 80 *Ga.* 255, 4 S. E. 912, Chief Justice Bleckley said: "It is not disputed that where a mistrial has been properly declared, the prisoner may be again tried;" citing *Nolan* v. *State,* 55 *Ga.* 521, 21 Am. R. 281, and constitution of 1877, as above quoted. In Judge Bleckley's language there is a clear intimation that where a mistrial has been improperly declared, the prisoner can not be again tried. In this State it has been settled, as far back as *Williford's* case in 23 *Ga.* 1, that the court may, over the objection of the accused, order a mistrial on account of the inability of the jury to agree, and that the discharge of the jury on that account does not amount to an acquittal. The question now before us is, can the court, even for good cause, legally order a mistrial in the enforced absence of the accused and without his consent; and if it can not, has the accused, where a mistrial has been so ordered, been placed in jeopardy, which he may plead when again put on trial? It has been frequently held by this court that it is the right of the accused charged with a felony to be present at every stage of his trial, including his arraignment or waiver thereof (*Wells* v. *Terrell,* 121 *Ga.* 368, 49 S. E. 319); reading to the jury notes of the evidence taken by the court (*Wade* v. *State,* 12 *Ga.* 25); the argument of counsel for the State (*Tiller* v. *State,* 96 *Ga.* 430, 23 S. E. 825); during the charge of the court (*Hopson* v. *State,* 116 *Ga.* 90, 42 S. E. 412, and cit.); and at the rendition of the verdict (*Nolan* v. *State,* 53 *Ga.* 137, s. c. 55 *Ga.* 521, 21 Am. R. 281; *Barton* v. *State,* 67 *Ga.* 653). In *Wade's* case, supra, the court, after the jury had retired to consider the case, had them recalled to the court-room and read over to them, in the absence of the accused, the written testimony as taken down by the court. In the opinion rendered Judge Warner said: "This was clearly error. The court has no more authority, under the law, to read over testimony to the jury, affecting the life or liberty of the defendant, in *his absence,* than it has to examine the witnesses in relation thereto, in his absence. The defendant has not only the right to be confronted with his witnesses, but he has also the right to be *present,* and see and

hear *all the proceedings* which are had against him on the trial before the court. It is said the presumption must be, that the court read over the testimony correctly, and read over all that was delivered against the defendant; therefore, he was not injured. The answer is, that it was the *legal right* and *privilege of the defendant,* to have been *present in court* when this proceeding was had before the jury in relation to the testimony delivered against him; and he is to be considered as standing upon *all his legal rights,* waiving none of them." In *Hopson* v. *State,* supra, it was held: "Recalling a jury in a criminal case, who had retired to consider of their verdict, and, in the absence of the accused and his counsel and without their consent, giving a second charge, is cause for a new trial, even though this charge be the same, in substance, as that which had been delivered in the first instance." Mr. Presiding Justice Lumpkin, in the opinion rendered in that case, said: "Nor does the fact that the 'recharge' was, in substance, the same as the original charge dispense with the necessity for ordering a new trial. The great point is that the accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice." In *Oliveros* v. *State,* supra, where the trial judge discharged the jury from the consideration of the case, because, in giving his reasons for admitting certain evidence, he expressed an opinion as to its effect and weight, this court held that such discharge was not authorized, over the protest of the accused, and, when arraigned before a second jury, his plea of former jeopardy was good. Chief Justice Simmons said in that case: "But it is said also that it would have been a farce for the judge to have continued the trial after this expression of opinion, and consumed the time of the court and country in going on with a trial, when he knew that he would have to grant a new trial in case of conviction. That is a commercial argument which amounts to nothing in the administration of law, especially when the life or liberty of a citizen is in danger." In the case of the State v. Wilson, 50 Ind. 487, 19 Am. R. 719, it was held that where the court, on the trial

of the accused for murder, discharged the jury because of their inability to agree, in the absence of the accused and without his consent, he being then confined in jail, such discharge might be pleaded in bar of further prosecution. Chief Justice Biddle in the opinion rendered said: "What the prisoner, in the case before us, if he had been present, might have offered to the court to show why the jury should not be discharged, or whether anything, indeed, it is impossible for us to know, but we are unwilling to adopt a rule which would deny him the right to offer whatever was in his power." This was followed by the Court of Appeals of Texas in Rudder v. State, 29 Tex. App. 262, 15 S. W. 717, it being there held that "It is beyond the legal authority of the trial court to discharge the jury in the absence of the accused." To the same effect are State v. Sommers, 60 Minn. 90, 61 N. W. 907, and Vela v. State (Texas Crim. App.), 95 S. W. 529. In State v. Vaughn, 29 Iowa, 286, and State v. White, 19 Kan. 445, 27 Am. R. 137, it was held that the discharge of the jury, in the enforced absence of the accused and without his consent, because of their inability to agree, is not a bar to his subsequent trial; for while the accused has the right to be present when the jury is discharged for such cause, yet if present he could only object; and since such objection would necessarily prove unavailing, no prejudice can result to him by reason of his absence.

In *Lester* v. *State,* 33 *Ga.* 329, the headnote is: "A discharge of the jury in a capital case, because they are unable to agree on a verdict, does not operate as an acquittal of the accused." In that case the point now under consideration was necessarily decided, although the fact that at the time the jury was discharged the accused was in jail and did not consent to such discharge was not mentioned in the opinion. The facts of that case, as they appear from the record of file in this court, were, that during the June term, 1862, of Dougherty superior court, when Lester was put upon trial for murder, he pleaded: That at the December term, 1861, of that court "he was put upon his trial upon the same bill of indictment and the same accusation. A jury was empaneled and the cause fully submitted, but the jury was discharged by the court from the consideration of said case, after retiring to their room to make up a verdict, without his consent thereto, he being in jail at the time, and without knowledge of the act." This plea was stricken

on general demurrer, and Lester was convicted of manslaughter. Whether the plea was properly stricken was the only question dealt with by this court. All that was said in the opinion on the subject was: "We are clear that the decision of the court below was right. Whenever the jury in a criminal case like this is discharged by the court from the further consideration of the cause, because of the impossibility of the jury's agreeing on a verdict, or on account of illness of a juror, the prisoner, or the court, such discharge is an absolute necessity, and does not and can not operate as an acquittal of the accused." Cases were cited, among them *Williford* v. *State*, 23 *Ga*. 3. The court then said that the case of *Reynolds* v. *State*, 3 *Ga*. 53, had no analogy to the one under consideration. *Lester's* case is now under review. After a very careful consideration of the question involved, we are of opinion that the better view, both on authority and principle, is that the court can not legally order a mistrial in a case of this character, in the enforced absence of the accused and without his consent, because of the inability of the jury to agree on a verdict, and that where a mistrial is so ordered, the accused, on a subsequent trial, may plead former jeopardy. The ruling in *Lester's* case, supra, contrary to this conclusion, is therefore overruled, and the judgment striking the plea in the present case is reversed. It is unnecessary to deal with the assignments of error in the motion for a new trial.        *Judgment reversed. All the Justices concur.*