## 59802. THE STATE v. GILMER.

SHULMAN, Judge.

Pursuant to Code Ann. § 6-1001a (c), the state appeals the grant of defendant's plea in bar premised on the state's alleged failure to comply with the provisions of Code Ann. § 26-506 (b). We reverse.

1. Defendant-appellee argues that since he was tried earlier for certain traffic offenses, the state is precluded under § 26-506 (b) from subsequently prosecuting him for possession of marijuana, since the charges arise from the same conduct. Assuming, without deciding, that all offenses arose from the "same conduct," we nevertheless must conclude that the trial court's grant of defendant's plea in bar was error.

Code Ann. § 26-506 (b) reads as follows: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as [otherwise provided]."

Code Ann. § 26-507 sets forth the consequences of failure to comply with the provisions of Code Ann. § 26-506 (b) and the circumstances under which such penalty will be imposed. (See Committee Notes on Code Ann. §§ 26-506 and 26-507 (b)). Code Ann. § 26-507 (b) (1) states that "[a] prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); [see Code Ann. § 26-506 (c)] or was for a crime which involved the same conduct, *unless each prosecution requires proof of a fact not required on the other prosecution . . .*" (Emphasis supplied.)

Clearly, the facts required to prove the traffic offenses (speeding and failure to maintain control of a vehicle) are not the same facts as those required to prove the particular violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221) with which defendant was charged. It follows, then, that the subsequent trial of defendant for possession of marijuana was not barred by reason of the nonjoinder of the offenses.

2. We cannot agree with defendant's contention that there is no transcript from which to review the trial court's grant of defendant's plea in bar. We have the transcript of the proceedings below which includes the hearing wherein the court jointly heard evidence on defendant's motions to dismiss the charge and suppress the evidence, along with his plea in bar.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED APRIL 10, 1980 — DECIDED MAY 19, 1980.

*Richard E. Allen, District Attorney, James W. Purcell, G. Larry Bonner, Assistant District Attorneys,* for appellant.
*Richard L. Powell,* for appellee.