## 60148. TRIMBLE v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, after a bench trial, was found guilty of violating the Georgia Controlled Substances Act. He appeals to this court contending the trial court erred in denying his motion to dismiss and plea of former jeopardy.

The plea was based upon the following circumstances. After almost striking a police vehicle with his automobile, the defendant was arrested for driving under the influence of intoxicating liquors. A routine inventory search was made of the defendant's automobile which disclosed seven green and white capsules in cellophane. These were subsequently tested by the Georgia State Crime Laboratory which reported the capsules to be proscribed controlled substances.

September 14, 1979, the defendant entered a plea of nolo contendere to the offense of driving under the influence and was fined in the Athens - Clarke County Magistrate's Court. On that same day, a warrant was issued charging the defendant with violation of the Georgia Controlled Substances Act.

In the trial court the defendant contended that prosecution of the latter offense (violation of the Georgia Controlled Substance Act) would subject him to successive prosecutions for different crimes arising from the same conduct in violation of Code Ann. § 26-506 (b) (Ga. L. 1968, pp. 1249, 1267).

The trial judge denied the defendant's plea of double jeopardy. In his decision the judge held there was no former jeopardy because he found the conviction in the Athens - Clarke County Magistrate's Court was invalid, void and of no force and effect. *Held:*

In making our ruling on the issues herein presented we do not pass upon the correctness of the lower court's decision, on technical grounds, declaring the first judgment of conviction invalid. For assuming there was a valid conviction for driving under the influence, the defendant's claim of double jeopardy is misplaced.

The Georgia statute, of course, is broader in scope than the constitutional standards regarding double jeopardy. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475). Code Ann. § 26-506 (b) (Ga. L. 1968, pp. 1249, 1267) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c)." Code Ann. § 26-507 (b) (1) (Ga. L. 1968, pp. 1249, 1267) bars prosecution "if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution . . . resulted in either a conviction or an acquittal, and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the crime was not consummated when the former trial began."

As clearly appears from an examination of the record, there is no question as to a "lesser included" crime since the two offenses are distinct both as a matter of fact as well as a matter of law. See *Doucet v. State,* 154 Ga. App. 775 (266 SE2d 554). See also *Holt v. State,* 239 Ga. 606 (238 SE2d 399).

The crucial issues to determine are therefore whether "the same conduct" was involved and whether each prosecution required proof of a fact not required on the other.

Given the present factual context it is obvious that the two offenses did not arise out of the same conduct within the usual connotation of that word. However, our appellate courts have equated the term "conduct" with the term "transaction" in a plethora of cases. See e.g., *Breland v. State,* 135 Ga. App. 478, 479 (218 SE2d 153); *Frazier v. State,* 138 Ga. App. 640, 642 (227 SE2d 284); *Keener v. State,* 238 Ga. 7, 8 (230 SE2d 846).

Although the statute does not mention "transaction" this expression has been engrafted into the act apparently because it was historically a ground for consideration. See *Gilbert v. State,* 65 Ga. 449, 450, cited in *Henderson v. State,* 227 Ga. 68, 73 (179 SE2d 76). See also *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752). Therefore, constrained by precedent we consider whether the two offenses arose out of the same conduct or transaction.

Under the statutory scheme Code Ann. § 26-506 sets forth the guidelines while Code Ann. § 26-507 is the enforcement provision prescribing when a second proceeding is barred. "Code Ann. § 26-507

sets forth the consequences of failure to comply with the provisions of Code Ann. § 26-506 (b) and the circumstances under which such penalty will be imposed." *State v. Gilmer,* 154 Ga. App. 673 (270 SE2d 25). See *State v. Estevez,* 232 Ga. 316, 318, supra; *Stephens v. Hopper,* 241 Ga. 596, 599 (247 SE2d 92). Under that Code section, prosecution for a second offense is not barred even though it involves the same conduct (or transactions) where one prosecution requires proof of a fact not required on the other prosecution.

In the case sub judice, the facts necessary to establish the offense of driving a vehicle under the influence of intoxicating liquors are not the same as those requisite to establishing the commission of the offense of possession of controlled substances. Thus, the offenses here are not derived from the same proscribed acts within the purview of Code Ann. §§ 26-506 and 26-507. The plea in bar predicated on former jeopardy is therefore without merit. *State v. Gilmer,* 154 Ga. App. 673, supra.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted June 17, 1980 — Decided September 10, 1980 — Rehearing denied October 6, 1980 —

*David R. Montgomery,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.