## 65984. ROGERS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was arrested and charged with the offenses of operating a motor vehicle under the influence of intoxicants (a misdemeanor), driving without a valid driver's license (a misdemeanor) and a violation of the Georgia Controlled Substances Act in the possession of diazepam (a felony). As to the misdemeanors, an accusation in two counts was filed in a state court and a plea of nolo contendere accepted. The defendant was sentenced to pay a fine of $250 and to serve a sentence of 12 months to be probated.

Defendant was thereafter indicted in the superior court for the offense of violating the Georgia Controlled Substances Act in the possession and having under his control diazepam. Defendant timely filed a motion for autrefois convict contending therein that to try him on the indictment is a violation of his Sixth and Fourteenth Amendment rights under the United States Constitution, as well as the Georgia law, in that to try defendant upon the same subject matter and same course of conduct upon which he has previously entered a plea and been sentenced will constitute double jeopardy.

Defendant's motion was heard and denied, and the defendant has filed a direct appeal. *Held:*

1. Under *Patterson v. State,* 248 Ga. 875 (287 SE2d 7), it has been held that a timely filed plea of double jeopardy is appealable without resort to the interlocutory appeal procedures set forth in OCGA § 5-6-34 (formerly Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620)). Consequently, we proceed to the review of this case.

2. The issue in this case has been squarely addressed previously by this court in *Trimble v. State,* 156 Ga. App. 9, 11 (274 SE2d 10).

Defendant contends, however, that there is a distinction in that he "was initially prosecuted in the State Court of DeKalb County for driving under the influence of intoxicating . . . drugs" whereas in *Trimble v. State,* 156 Ga. App. 9, supra, there was a plea to driving under the influence of intoxicating liquors. Defendant argues, in the case sub judice, that "the facts necessary to prove the driving under the influence of drugs will be the same facts required to convict appellant of possession of those drugs." It is true that the accusation refers to the terminology "while under the influence of intoxicating wines, beers, liquors and drugs," but we find no direct proof that the defendant entered a plea to the offense of driving under the influence of drugs rather than liquor, having simply entered a plea of nolo contendere and was sentenced for the two misdemeanor counts. This case differs on its facts from those in *Mann v. State,* 160 Ga. App. 527, 528 (287 SE2d 325), and *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3), wherein it was held there was one transaction involved and the possession arose out of the same conduct. The offenses here did arise out of the same conduct, that is, the act of driving, but his possession of the controlled substance is separate and distinct from the conduct required to establish the offense of driving under the influence. The defendant's enumeration of error is not meritorious.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 15, 1983.

*Larry J. Steele,* for appellant.

*Robert E. Wilson,* District Attorney, *Patricia G. Cherry, Assistant District Attorney,* for appellee.