## 66469. McCANNON v. THE STATE.

Sognier, Judge.

McCannon appeals the denial of his plea of former jeopardy. The state filed a motion to dismiss the appeal because there has been no final judgment in the case and because appellant made no application for leave to file an interlocutory appeal.

On December 13, 1981 officers of the Georgia State Patrol stopped appellant at 1:35 a.m. while he was driving his car in Oglethorpe County, Georgia. He was given three citations charging him with driving under the influence, possession of marijuana and assault on a peace officer. On February 26, 1982 the district attorney of Oglethorpe County filed an accusation against appellant in Oglethorpe County Superior Court charging him with possession of less than one ounce of marijuana. On May 18, 1982 the Oglethorpe County grand jury returned an indictment against appellant on two charges of aggravated assault on a peace officer. Both the accusation and the indictment were based on the offenses allegedly committed by appellant when he was stopped by the Georgia State patrolmen on December 13, 1981, and all charges were initiated by the district attorney of Oglethorpe County.

On June 1, 1982 appellant was arraigned in Oglethorpe County Superior Court on the marijuana charge and entered a plea of guilty. On August 27, 1982 he was allowed to withdraw his plea of guilty and enter a plea of nolo contendere to the marijuana charge, and he was sentenced by the court for that offense the same date. Thereafter appellant was notified to appear in Oglethorpe County Superior Court on November 29, 1982 for arraignment on the aggravated assault charges. He filed a plea of former jeopardy and after a hearing on November 29, 1982 the plea was denied. This direct appeal from that ruling followed.

1. The state's motion to dismiss the appeal is denied. A direct appeal from the denial of a plea of double jeopardy is authorized. *Patterson v. State,* 248 Ga. 875, 877 (287 SE2d 7) (1982).

2. In regard to the denial of his pleas of former jeopardy appellant, relying on *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), contends the trial court erred because OCGA § 16-1-7 (b) (Code Ann. § 26-506) requires all known offenses arising from the same conduct, within the jurisdiction of a single court, to be prosecuted in a single prosecution. This contention was decided adversely to appellant in *State v. Gilmer,* 154 Ga. App. 673 (1) (270 SE2d 25) (1980), where this court held that OCGA § 16-1-7 (b) (Code Ann. § 26-506) is not applicable if facts required to prove one offense are not the same as those required to prove a second offense with

which a defendant is charged. Since the facts necessary to prove possession of marijuana are not the same as those required to prove assault on a peace officer, under the ruling in *Gilmer*, OCGA § 16-1-7 (b) (Code Ann. § 26-506) is not applicable. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 3, 1983 —
REHEARING DENIED OCTOBER 18, 1983 —

*Andrew H. Marshall,* for appellant.

*Lindsay A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney,* for appellee.