## 40497. McCANNON v. THE STATE.

GREGORY, Justice.

Terry McCannon was indicted in Oglethorpe Superior Court on two counts for aggravated assault upon an officer. He filed a plea of former jeopardy relying on OCGA § 16-1-7 (b) (Code Ann. § 26-506). The plea was denied by the trial court and this denial was affirmed by the Court of Appeals. *McCannon v. State,* 168 Ga. App. 471 (309 SE2d 636) (1983). We reverse.

The issue for decision on certiorari is whether the Georgia statutory double jeopardy provisions contained in OCGA §§ 16-1-7 (b) and 8 (b) (1) (Code Ann. §§ 26-506 and 26-507) are a bar to prosecution under the facts of this case. Put another way, was it required that this prosecution be brought in a former prosecution for a different crime which arose out of the same conduct? Our answer is yes.

McCannon was stopped while operating a car on a public highway by two state patrol officers on December 13, 1981. The indictment alleged one of the troopers leaned into the car and, while he was doing so, McCannon drove off, causing the trooper to fall to the highway, injuring him. Count two of the indictment alleged, as McCannon drove away, he ran over the other trooper's foot, injuring

him. McCannon was arrested on three charges: DUI, possession of marijuana, and assault on an officer.

The statement of facts filed by McCannon in the Court of Appeals indicates the DUI charge was dropped because the chemical test results were not positive. These facts also disclose that plea negotiations were begun by counsel for the defendant and the district attorney. A tentative bargain was reached in which McCannon agreed to enter a plea of guilty to possession of marijuana and join the armed forces. In exchange, the State would have the assault charges dismissed. McCannon was unable to join the armed forces, the district attorney was notified, and the agreement was not consummated.

On February 26, 1982, an accusation was brought in Oglethorpe Superior Court alleging misdemeanor grade possession of marijuana. The following May 18, the grand jury of Oglethorpe County returned the indictment charging two counts of aggravated assault upon an officer which commenced this case. There were two separate cases pending, which by statutory definition amounted to two separate pending prosecutions. OCGA § 16-1-3 (14) (Code Ann. § 26-401).[1] On June 1, 1982 the defendant entered a plea of guilty to the accusation for possession of marijuana. On August 27 this plea was withdrawn and a plea of nolo contendere was entered. The defendant was sentenced the same day. Thereafter he was notified that, on November 29, 1982, he would be arraigned on the indictment which alleged aggravated assault upon an officer. The plea of statutory double jeopardy was filed. Defendant argued unsuccessfully before the lower courts that the two crimes arose from the same conduct and must have been prosecuted in a single prosecution because both were known to the district attorney and within the jurisdiction of Oglethorpe Superior Court.

In 1968 the General Assembly enacted a new criminal code. Ga. L. 1968, p. 1249 et seq. Its scope was comprehensive. One chapter was designated, "Rights of Accused." Ga. L. 1968, p. 1366. The particular sections we deal with in this case were part of this chapter under the subjects of (1) Multiple Prosecutions for the Same Conduct, and (2) The Effect of a Former Prosecution. The committee notes which follow Code Ann. § 26-507 indicate that OCGA § 16-1-7 (formerly Code Ann. § 26-506) protects a defendant from multiple prosecutions arising from the same conduct in situations where constitutional

---

[1] " 'Prosecution' means all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal."

double jeopardy would not be a defense. The committee notes further point out that OCGA § 16-1-8 (b) (Code Ann. § 26-507) embraces the concept of res judicata and is not constitutional double jeopardy, but is protection against subsequent prosecution where the defendant could have been, and under the new section [OCGA § 16-1-7 (b) (Code Ann. § 26-506)], should have been prosecuted on a former prosecution. A few years after the enactment of the 1968 Code we recognized that it expanded proscriptions of double jeopardy so that previous cases relying on constitutional double jeopardy could no longer be used to determine to "what extent an accused could be prosecuted, convicted and punished for multiple offenses arising from the same criminal conduct." Instead, the broader terms of the statute govern. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974).[2]

With the foregoing as a guide we outline the relative code section in a manner we believe clarifies the intention of the General Assembly:

OCGA § 16-1-7 (b) (Code Ann. § 26-506). If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section.

OCGA § 16-1-8 (b) (Code Ann. § 26-507). A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution:

(1) resulted in either a conviction or acquittal and:

(i) the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or[3]

(ii) is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or[4]

---

[2] The opinion distinguishes between procedural and substantive double jeopardy. Here we deal with the procedural aspect because the facts concern successive prosecutions. We are not concerned with multiple convictions or punishments, which would be the substantive aspect.

[3] The Michie Code omits both the semicolon and the word "or." However, the original enrolled House Bill 5 and Ga. Laws, 1982, pp. 1249, 1268 contain both a semicolon and the word "or." Regardless of the implication of the editorial work and the effect of the enactment into positive law of the Michie Code, we believe the legislative intention throughout was to provide three distinct grounds for barring a subsequent prosecution where the former prosecution resulted in a conviction or an acquittal.

[4] See footnote 3.

(iii) is for a crime which involves the same conduct, unless

(A) each prosecution requires proof of a fact not required on the other prosecution or

(B) the crime was not consummated when the former trial began.

We use a hypothetical example to demonstrate the intended application of these sections. Assume a defendant first raped and then, as a part of the same conduct or transaction,[5] murdered the victim. There were separate witnesses to each crime, neither of whom witnessed the other crime. The district attorney prosecuted the defendant for murder, resulting in an acquittal. Then, for the first time, the district attorney discovered the other witness and learned of the rape. A second prosecution, this for rape, was begun. The question is whether the prosecution for rape is barred under the Code sections. Looking to OCGA § 16-1-7 (b) (Code Ann. § 26-506), there is no bar because the rape was not known to the district attorney at the time of the murder prosecution. Then, considering OCGA § 16-1-8 (b) (1) (Code Ann. § 26-507) and the provision our outline shows as (i), there is no bar because the defendant could not have been convicted for rape under the murder indictment. As to (ii), there is no bar because rape was not a crime for which the defendant should have been prosecuted since the district attorney did not know of the rape at the time of commencing the murder prosecution. There is no bar under (iii) because, while both crimes arose out of the same conduct, each prosecution requires proof of a fact or facts not required on the other.

Turning to the case at hand we reach a different result. Clearly, both crimes were known to the district attorney at the time of the first prosecution. They were within the jurisdiction of a single court. They arose out of the same conduct or transaction. Thus, they come within the provisions of OCGA § 16-1-7 (b) (Code Ann. § 26-506). Further, the second prosecution is barred by OCGA § 16-1-8 (b) (1) (Code Ann. § 26-507) under the division of our outline designated (ii). The second prosecution is for crimes which should have been brought in the first prosecution because OCGA § 16-1-7 (b) (Code Ann. § 26-506) requires it. There is no bar under our division (i) because the defendant could not have been convicted of aggravated assault upon an officer under the accusation for possession of marijuana. There is no bar under our division (iii) because each prosecution requires

---

[5] The terms "same conduct" and "same transaction" have been given the same meaning. *Trimble v. State,* 156 Ga. App. 9, 10 (274 SE2d 10) (1980).

proof of a fact not required in the other. But, the Code section is worded in the disjunctive so that either (i), (ii), or (iii) is sufficient to establish the bar. The bar here is under division (ii).

We overrule *Trimble v. State,* 156 Ga. App. 9 (274 SE2d 10) (1980) and *State v. Gilmer,* 154 Ga. App. 673 (1) (270 SE2d 25) (1980). In both these opinions the court relied entirely on the third division of the section, which in our outline is (iii), without giving consideration to the second division (ii). The third division is traditional constitutional double jeopardy. The second division goes beyond constitutional double jeopardy to afford protection from repeated prosecutions, as the committee notes, supra, indicate, ". . . when the defense of double jeopardy is not available and yet the accused should not be worn down. . . ."

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who concur specially.*

DECIDED MAY 1, 1984.

*Andrew H. Marshall,* for appellant.
*Lindsay A. Tise, District Attorney, Barry G. Irwin, Assistant District Attorney,* for appellee.

WELTNER, Justice, concurring specially.

I agree with the result reached in this case as it appears that when McCannon was sentenced for a misdemeanor, the prosecuting officer actually in attendance was fully aware of the pendency against McCannon of felony charges arising from the same conduct. Hence, the matter falls squarely within the language of OCGA § 16-1-7 (b) (Code Ann. § 26-506), "If the several crimes arising from the same conduct are known to the proper prosecuting officer. . . ."

Properly construed, the statute should apply only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings (as here the case). This would obviate the possibility of a miscarriage of justice in cases where the commission of other crimes arising from the same conduct may *not* be within the actual knowledge of the prosecuting officer actually handling the prosecution.

I am authorized to state that Presiding Justice Marshall joins in this special concurrence.