## 70639. BISHOP v. THE STATE.
(335 SE2d 742)

BEASLEY, Judge.

Bishop was indicted for the offenses of aggravated assault and carrying a pistol to a public gathering.

On December 12, 1984, a jury was selected, impaneled, sworn to try the case and excused for the night. First thing the next morning, when the proceedings convened, the court was advised by one of the jurors that she could not serve on the jury because of religious beliefs. The court questioned her out of the presence of the other jurors and determined that she could not continue to serve on the jury. No one questioned the court's dismissal of the juror. The court then recessed the other jurors subject to recall, admonishing them to follow earlier instructions regarding their service on the case.

Defense counsel then orally moved for a judgment of acquittal "on the basis that the jury is not qualified, that they were sworn, and that this defendant has been put in jeopardy and he is entitled to an acquittal at this time because he's come, he's placed himself in jeopardy through no fault of his whatever. . . ." The court announced it would reserve ruling to allow research. Four days later, without the presence of the parties, the court ordered a mistrial pursuant to OCGA § 16-1-8 (e) (2) (D) and *Jones v. State*, 232 Ga. 324 (206 SE2d 481) (1974).

On March 1, 1985, defendant filed a plea of former jeopardy, protesting that the court had sua sponte declared a mistrial and entered a written order without giving defense counsel an opportunity to be

heard, without giving defendant an opportunity to be present "at that critical stage of the proceeding against him, (defendant not having waived his right to be present), without any legal and sufficient reason therefore and without the consent of the defendant." A hearing was held during which the court orally denied Bishop's plea in bar based on former jeopardy.

Bishop filed his notice of appeal on March 7, and it purports to be directed to "the Order of the Superior Court of Sumter County, Georgia announced in open Court in this case on March 5, 1985, overruling and denying defendant's Plea of Former Jeopardy, and confirmed in writing by this Court's order of March ___, 1985." The submitted record, as supplemented, does not contain any such order denying Bishop's plea. The denial of such a plea is directly appealable without resort to interlocutory appeal procedures. OCGA § 5-6-34 (a) (1). See, e.g., *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982); *Rogers v. State*, 166 Ga. App. 299 (1) (304 SE2d 108) (1983); *Young v. State*, 251 Ga. 153, 155 (1) (303 SE2d 431) (1983); *Nave v. State*, 166 Ga. App. 466 (1) (304 SE2d 491) (1983).

It does contain an order of May 24 prepared "pursuant to Section 5-6-41 (f), O.C.G.A. and upon the stipulation of counsel to supplement the record in this case. . . ." The order recites the circumstances under which the mistrial was declared: "Shortly after the jury was conditionally released and upon review of the defendant's motion for acquittal, the Court undertook its own research of the applicable law. Informally, the Court caused counsel for both parties to be informed that a sua sponte order declaring a mistrial was under consideration. Advice to the Court by its law clerk, including a citation to the law deemed applicable was shared by the Court's law clerk with counsel for both parties. Having taken defendant's motion for acquittal under advisement and after some reflection, the Court determined that declaration of mistrial was the appropriate disposition and elected not to call for argument or further hearing or to reconvene the jury before entering the Order of December 17, 1984, which formally declared the mistrial." This document does not address the former jeopardy plea and cannot be regarded as the judgment appealed from, even if we discount the fact that the appeal preceded its entry.

It appears that there was no judgment in writing overruling the defendant's plea of former jeopardy. " 'What the judge orally declares is no judgment until it has been put in writing and entered as such. In the absence of a judgment in writing no question for decision is presented to the appellate court. [Cits.]' " *G. M. J. v. State of Ga.*, 130 Ga. App. 420, 421 (1) (203 SE2d 608) (1973). The filing with the clerk of a judgment signed by the judge, constitutes the entry of a judgment within the statutory meaning. OCGA § 5-6-31.

Bishop is enumerating as error the denial of his claim of former

jeopardy regarding which there is no written order. Thus the appeal is subject to dismissal. *Davis v. Langham,* 170 Ga. App. 346 (317 SE2d 903) (1984).

However, recognizing that the court can and probably will enter such an order, we will treat the substance of appellant's complaint in hopes of averting another appeal and further delay in the final disposition of this case.

Appellant's objection is the allegedly improper procedure employed by the trial court in declaring a mistrial. As stated in his brief, he does not question the propriety of declaring a mistrial in this case, because of the inadvertent circumstances that prevailed. The juror at a late time indicated her disqualification although it had been timely inquired into during voir dire, and there were no other jurors available. He apparently recognized early on that such a result was an expected necessity. A mistrial declared for erroneous reasons and not for legal cause would be a bar to another trial. *Oliveros v. State,* 120 Ga. 237 (47 SE 627) (1904). But the appellant concedes that ordering the mistrial was substantively not improper. OCGA § 16-1-8 (e) (2) (D). He says instead: "The only issue on this appeal is the manner in which it was done." Thus it is at heart a due process claim.

Under Georgia law, the general rule is that defendant has an absolute right to be present at all stages of his trial. *Williams v. State,* 251 Ga. 749, 798 (312 SE2d 40) (1983). Such right is derived from our Constitution, Art. I, Sec. I, Par. XII. See *Wilson v. State,* 212 Ga. 73, 74 (90 SE2d 557) (1955). Appellant cites *Bagwell v. State,* 129 Ga. 170 (58 SE 650) (1907) as establishing a right to be present when a mistrial is ordered. However, in that case the court, without the consent and in the absence of defendant, he being at the time confined in jail and his counsel being absent, discharged the jury without a verdict when the jury informed the court during its deliberations that it was unable to agree on a verdict. The court held: "the court cannot legally order a mistrial in a case of this character, in the enforced absence of the accused and without his consent, because of the inability of the jury to agree on a verdict, and that where a mistrial is so ordered, the accused, on a subsequent trial, may plead former jeopardy." Id. at 174. There, the defendant was entitled to be present because events were transpiring which he was entitled to observe and participate in so that he could concur in the manner the proceedings were conducted or object to what was being done or by his suggestion, effect the manner in which the proceedings were conducted. But in the instant case, everything that was going to happen had happened. The events upon which the court would rule were fixed. All that left to be done was a ferreting out of the relevant law and an application of it to the situation which had developed. Legal consideration, not further proceedings, was called for. And the court gave ample oppor-

tunity for "research." Apparently defendant submitted none; he does not now complain that the court refused to consider any authority he may have had in support of his position. The court clearly took under advisement the matter of the legal effect of what had transpired, and ruled a few days later on it. Failing to call parties, counsel, and jurors back when the court issued its order does not commend itself as a deprivation of defendant's right to be present at all stages of his trial. Even if it was, no harm was done that we can perceive or that has been called to our attention. Error, to be reversible, must be harmful. *Floyd v. State*, 156 Ga. App. 741 (1) (275 SE2d 786) (1980). Further, defendant shows no prejudice by having to stand trial on the charge. He quotes at some length from a case in which the court ordered a new trial. That is precisely what he is entitled to. He is not entitled to discharge from prosecution entirely, based on the court's declaring a mistrial occasioned by manifest necessity, simply because the court did not order the mistrial in his presence.

*Appeal dismissed. Pope, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

I agree with everything on the first four pages and the first paragraph on page 5 of the majority opinion, including dismissal of the appeal. What I do not agree with is the speculation as to the possibilities of what the trial judge might do in the future and then addressing the substance of what he may or may not do. With this part of the majority opinion, I cannot agree.

DECIDED OCTOBER 7, 1985.

*Richard E. Nettum*, for appellant.
·     *John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney*, for appellee.