## 74675. HOLCOMB v. THE STATE.
(363 SE2d 320)

McMurray, Presiding Judge.

Defendant was arrested by a Troup County deputy sheriff for the offenses of improper passing, possession of a firearm during commission of a felony, driving under the influence (DUI), possession of more than one ounce of marijuana and possession of drug related objects. A preliminary hearing on the charges was held in the Magistrate's Court of Troup County. At that hearing the testimony revealed that defendant was driving an automobile stopped for improper passing and that the various contraband was found during a subsequent search of the automobile. At the conclusion of the preliminary hearing, the firearms charge was dismissed and the four remaining charges were bound over to the next term of superior court. (The drug paraphernalia charge was also dropped at some later time.)

Plea negotiations between defense counsel and the district attorney ensued regarding the remaining charges. Two of the offenses, the DUI and the improper passing, appeared on the calendar of the State Court of Troup County. Defendant entered a guilty plea on these misdemeanor charges.

Subsequently defendant filed his "motion in autrefois convict" contending that the pleas to the misdemeanor charges bar any prosecution for the felony possession of marijuana. Defendant appeals from the denial of his "motion in autrefois convict" based upon his claim of double jeopardy. Defendant's plea to the DUI charge was for driving under the influence of alcohol *or* drugs, and that the laboratory tests

indicate that defendant's blood was negative for ethyl alcohol but positive for marijuana. *Held*:

In *McCannon v. State*, 252 Ga. 515 (315 SE2d 413), defendant was stopped while operating a car on the public highway by two State Patrol officers. The indictment in that case alleged one of the troopers leaned into the car and while he was doing so defendant drove off causing the trooper to fall to the highway, injuring him. Count 2 of the indictment alleged that as defendant drove away he drove over the other trooper's foot, injuring him. Defendant was arrested on charges of DUI, possession of marijuana and assault on an officer. The DUI charge was dropped because of negative chemical test results and plea negotiations were begun by counsel for defendant and the district attorney.

A tentative plea bargain was reached in which defendant McCannon agreed to enter a plea of guilty to possession of marijuana and join the armed forces in exchange for dropping of the assault charges. The plea bargaining agreement was not consummated.

On February 26, 1982, an accusation was brought in Oglethorpe Superior Court charging defendant McCannon with the offense of misdemeanor possession of marijuana. On May 18, 1982, an indictment was returned charging defendant McCannon with two counts of aggravated assault upon an officer. On June 1, 1982, defendant McCannon entered a plea of guilty to the accusation for possession of marijuana. On August 27, the guilty plea was withdrawn and a plea of nolo contendere was entered, whereupon defendant McCannon was sentenced the same day. Subsequently, when defendant McCannon was notified that he would be arraigned on the indictment alleging aggravated assault upon an officer, a plea of statutory double jeopardy was filed arguing that the possession of marijuana offense and the aggravated assault upon an officer offense arose from the same conduct and must have been prosecuted in a single prosecution because both were known to the district attorney and within the jurisdiction of Oglethorpe Superior Court. Defendant McCannon's plea of double jeopardy was rejected by the Oglethorpe Superior Court and by this court. In *McCannon v. State*, 252 Ga. 515, 518, supra, our Supreme Court in reversing our decision at 168 Ga. App. 471 (309 SE2d 636), provided a final resolution of the argument raised by the defendant McCannon, and set forth for future use an outline of our statute governing double jeopardy. As to the facts of that case, the Supreme Court noted that "both crimes were known to the district attorney at the time of the first prosecution. They were within the jurisdiction of a single court. They arose out of the same conduct or transaction. Thus, they come within the provisions of OCGA § 16-1-7 (b) (Code Ann. § 26-506). Further, the second prosecution is barred by OCGA § 16-1-8 (b) (1) (Code Ann. § 26-507) under the division of our outline

designated (ii)." We now address the application of the *McCannon v. State*, 252 Ga. 515, 518, supra, outline to the case sub judice.

Guided by the outline of relevant statutes found in *McCannon v. State*, 252 Ga. 515, 517, 518, supra, we note that OCGA § 16-1-7 (b) provides that: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." Also germane to our decision is that portion of OCGA § 16-1-8 (b) (1) identified as subsection (ii) of the *McCannon* outline which provides, "A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and . . . (ii) is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge) . . ." *McCannon v. State*, 252 Ga. 515, 517, supra.

In the case sub judice, it is uncontroverted that the prosecution had knowledge of all of the charges and that all are within the jurisdiction of a single court. The issue presented is whether the felony possession of marijuana charge arises from the same conduct as the misdemeanor traffic charges. The State's argument that it does not rests largely upon *Rogers v. State*, 166 Ga. App. 299 (304 SE2d 108). A problem arises in the fact that *Rogers* is predicated upon *Trimble v. State*, 156 Ga. App. 9 (274 SE2d 10). Both of these cases were decided prior to the decision in *McCannon v. State*, 252 Ga. 515, 519, supra, which overruled *Trimble* and noted that it failed to give consideration to the above-stated subsection (ii) of the *McCannon* outline while relying entirely upon subsection (iii). Subsection (iii) of the *McCannon* outline provides: "A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and . . . (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required on the other prosecution or (B) the crime was not consummated when the former trial began." *McCannon v. State*, 252 Ga. 515, 517, 518, supra. A reading of *Rogers v. State*, 166 Ga. App. 299, supra, shows that it follows *Trimble* in failing to consider the statutory language set forth in subsection (ii) of the *McCannon* outline. Therefore, we decline to apply *Rogers* to the case sub judice.

Returning to the issue as stated, we find that the felony possession of marijuana offense arose from the same conduct or transaction as the misdemeanor traffic offenses. Thus, the prosecution of defendant on the felony possession of marijuana charge is barred. *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567); *State v. McCrary*, 253 Ga.

747 (325 SE2d 151); *McCannon v. State*, 252 Ga. 515, supra. See also *Breland v. State*, 135 Ga. App. 478, 479 (218 SE2d 153); *Frazier v. State*, 138 Ga. App. 640, 642 (227 SE2d 284); *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846).

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 19, 1987.

*Lee R. Hasty*, for appellant.
*Arthur E. Mallory III, District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.