A94A1130. THE STATE v. STEIEN.
(447 SE2d 701)

JOHNSON, Judge.

Alan Steien was involved in an automobile accident in a high school parking lot on April 28, 1993, and was charged with driving while under the influence of drugs, driving with a suspended license, giving a false name to a law enforcement officer, and driving without a license. The officer investigating the accident noticed prescription pads and prescription bottles inside Steien's vehicle. A subsequent investigation resulted in Steien being charged with seven counts of obtaining controlled substances by fraud. These offenses were alleged to have occurred at various pharmacies on January 9, 1993; March 26, 1993; April 1, 1993; April 9, 1993; April 14, 1993; and April 26, 1993. The controlled substances offenses were prosecuted in one accusation. Steien pleaded guilty to these charges on July 2, 1993. On July 23, 1993, the state filed a separate accusation on the traffic-related offenses. Thereafter, Steien filed a plea in bar contending that the prosecution for the traffic-related offenses was barred because jeopardy attached with regard to those offenses when he pleaded guilty to the controlled substances charges. The trial court granted Steien's plea and the state appeals.

In *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984), the Supreme Court reasoned that OCGA § 16-1-8 (b) bars prosecution "if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and: . . . (ii) is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge)." Id. at 517. An accused should have been charged with crimes on the former prosecution if OCGA § 16-1-7 (b) requires it. Id. at 518. "OCGA § 16-1-7 (b) provides that '(i)f the several crimes *arising from the same conduct* are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution.'" (Emphasis supplied.) *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990); *Holcomb v.*

*State,* 185 Ga. App. 4, 5 (363 SE2d 320) (1987). "The phrase 'the same conduct' in this statute has been used interchangeably with the phrase 'the same transaction.'" (Citation omitted.) *Harrell,* supra at 103; *Lefler v. State,* 210 Ga. App. 609, 610 (1) (436 SE2d 777) (1993). In this case, the offenses of obtaining controlled substances by fraud did not arise from the same transaction as the DUI, driving with a suspended license, giving a false name and driving without a license charges. The offenses involved different acts and occurred on different dates and in different locations. Evidence of the traffic-related offenses could be presented without permitting evidence of the controlled substance offenses, and vice versa. *Harrell,* supra at 103; *Teal v. State,* 203 Ga. App. 440, 443 (2) (b) (417 SE2d 666) (1992). See also *Hiatt v. State,* 133 Ga. App. 111, 113 (3) (210 SE2d 22) (1974). Accordingly, we find that the trial court erred in granting Steien's plea of double jeopardy.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED AUGUST 1, 1994.

*Gerald N. Blaney, Jr., Solicitor, Scott A. Drake, Richard E. Thomas, Assistant Solicitors,* for appellant.

*Merritt & Merritt, Mark Merritt,* for appellee.