A97A1880. THE STATE v. CORNETTE.
(494 SE2d 289)

Judge Harold R. Banke.

In the early morning hours of February 9, 1996, police responded to a domestic violence complaint initiated by Tammy Cornette. While inside the Cornettes' home, they observed marijuana in plain view on a coffee table. Gary Cornette was then arrested for simple battery and possession of marijuana. While placing Cornette under arrest, as Officer Kenneth Brooks noted in his supplemental incident report, the residence lacked heat except for a small kerosene heater and there were four young children who were wearing little or no clothing. In the same report, Brooks expressed his concern that due to insect infestation, the trailer was "unsuitable for habitation." Brooks ended his report by stating, "I voiced a strong recommendation that DEFACS be notified of the living conditions of the trailer and the health conditions of the children be examined."

In an April 1996 accusation, Cornette, was charged with simple battery and misdemeanor marijuana possession. Cornette entered a plea of nolo contendere to the marijuana charge on October 8, 1996, while the simple battery charge was dismissed pursuant to the negotiated plea. Eight days later, a grand jury indicted both Cornette and his wife for the offenses of cruelty to children based on the deplorable conditions of their residence, on a specified date which was three days after the police response to the incident of domestic violence.

Cornette filed a plea in bar contending that prosecution of the cruelty to children charges was barred because jeopardy attached with regard to those offenses when he entered his plea. He claimed that the facts and circumstances supporting the cruelty to children charges were known to the State at the time of the accusation and his plea.

It is undisputed that several days after police arrested Cornette, the Department of Family & Children Services ("DFCS") instituted its own investigation and opened a file for supervision lasting several months. According to the assistant district attorney, it was not the police incident report but the DFCS report transmitted to his office at a different time and based on a different investigation which formed the basis for the indictments. The indictments at issue make no mention of the lack of heat or clothing as depicted in the police incident report. Instead the indictments cite to exposed bare electrical wiring, unflushed feces, filthy bathtubs and sinks, trash surrounding the exterior, and a generally unsanitary environment throughout the trailer, occurring on February 12, three days after the battery incident. Embracing Cornette's argument that the child cruelty charges should have been brought against Cornette at the same time as the other charges, the trial court granted his plea in bar. The State appeals. *Held*:

The State contends that the trial court erred by granting Cornette's plea of former jeopardy because the conduct giving rise to the charges for cruelty to children did not arise from the same conduct as the marijuana possession and simple battery charges. OCGA § 16-1-7 (b) provides in pertinent part: "[i]f the several crimes *arising from the same conduct* are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." (Emphasis supplied.) *Holcomb v. State*, 185 Ga. App. 4, 5 (363 SE2d 320) (1987); see *Cates v. State*, 206 Ga. App. 694, 695 (426 SE2d 576) (1992) (defendant bears burden of showing that prosecutor has actual knowledge of all charges); see also *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987). The phrase "the same conduct" in this statute has been used interchangeably with the phrase "the same transaction." *Lefler v. State*, 210 Ga. App. 609, 610 (1) (436 SE2d 777) (1993); *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990).

In this case, the offenses of cruelty to children did not arise from the same transaction as the possession of marijuana or the simple battery. See *State v. Steien*, 214 Ga. App. 345, 346 (447 SE2d 701) (1994). The offenses charged in the indictment were unrelated and allegedly occurred several days later. Evidence of the first two offenses could be presented without presenting evidence of the cruelty charges and vice versa. Id.; *Teal v. State*, 203 Ga. App. 440, 443 (2) (b) (417 SE2d 666) (1992). In fact, at the time of the accusation, DFCS had not completed its intervention. Accordingly, we find that the trial court erred in granting Cornette's plea of double jeopardy.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 19, 1997.

*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellant.

*David C. Keever*, for appellee.