# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2023

*The Court of Appeals hereby passes the following order:*

### A23A0295. NANOVENTIONS HOLDINGS, LLC v. STEVEN DANIELS A/K/A STEVEN DANIEL et al.

Plaintiff Nanoventions Holdings, LLC ("Nanoventions") sued its former Chief Financial Officer, Steven Daniels a/k/a Steven Daniel ("Daniels"), as well as Bonnie Hutchinson, BIW Enterprises, LLC ("BIW"), Karen Jacobs, Ronnie Hicks, and multiple other individuals and entities (collectively, "unspecified defendants").[1] In a previous appeal, this Court described the procedural history of this litigation as follows:

> Over the course of the litigation, the trial court dismissed several of the unspecified defendants from the action without prejudice and Nanoventions filed a "Dismissal without prejudice and acknowledgment of service," purporting to dismiss the other unspecified defendants.
>
> The trial court granted summary judgment to Nanoventions on most of its claims against Daniels, and the court subsequently entered a judgment awarding Nanoventions damages against Daniels in the amount of $6,147,729.93. Importantly, however, the trial court denied

---

[1] This is the second appearance of this case in this Court. We dismissed Nanoventions' previous appeal upon determining that the order appealed from was not a final order, and Nanoventions failed to follow the required interlocutory appeal procedures. Case No. A21A0167 (June 18, 2021).

Nanoventions' request for summary judgment as to its claim for conversion (Count 5), concluding that there were genuine disputes of material fact. In addition, the summary judgment order did not address Nanoventions' claim for unjust enrichment (Count 7). The trial court entered a default judgment against BIW, reserving the issue of damages. The trial court also entered a default judgment against Hutchinson, but ultimately concluded that Nanoventions was not entitled to collect damages from her. And, on February 26, 2020, the trial court entered a "Final Order" granting judgment on the pleadings to Jacobs and Hicks.

Case No. A21A0167 (June 18, 2021). Nanoventions filed a direct appeal, which we dismissed, explaining that Nanoventions' conversion and unjust enrichment claims against Daniels remained pending, the issue of damages against BIW remained pending, and Nanoventions' failure to follow the required interlocutory appeal procedures under OCGA § 5-6-34 (b) deprived us of jurisdiction over the appeal. Id.

Back in the trial court, on April 18, 2022, the court held a hearing on the issue of damages against BIW. And, on April 19, 2022, the court entered a "Final Order and Judgment" awarding Nanoventions compensatory damages of $135,000 against BIW, along with attorney fees and costs of $123,737.50. Nanoventions then filed this direct appeal. We, however, still lack jurisdiction because claims remain pending below.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments, that is, where the case is no longer pending in the trial court below. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Citation and punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). In determining whether an order is final, we look to its substance rather than its nomenclature. See *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003).

2

The trial court's April 19, 2022 order addresses only the issue of damages against BIW. Although it is entitled "Final Order and Judgment," the order does not address Nanoventions' conversion and unjust enrichment claims against Daniels. Nanoventions notes in its brief that "the remaining unresolved claims against Daniels were voluntarily dismissed by Nanoventions."[2] However,

> [w]hile OCGA § 9-11-41 (a) allows for the voluntary dismissal of a party's complaint, it does not provide for the voluntary, unilateral dismissal of a party's claims against some but not all of the parties to an action. The adding or dropping of parties from an action requires the exercise of discretion by the court pursuant to OCGA § 9-11-21.

(Citation and punctuation omitted.) *Larkin v. Madison County School District*, 364 Ga. App. 10, 14 (1) (873 SE2d 471) (2022).

In a case involving multiple parties or multiple claims, where there is no final judgment, "there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) *Johnson*, 192 Ga. App. at 629. The trial court's order in this case did not direct the entry of judgment

---

[2] Although the trial court stated at the April 18, 2022 hearing that the "open claim for conversion and unjust enrichment against Defendant Daniel . . . has been resolved by the voluntary dismissal of the action as to Daniel that was filed on April 15th of 2022," the record does not contain a written order addressing those claims, nor does it contain any April 15 filing showing "the voluntary dismissal of the action as to Daniel." "In the absence of a judgment in writing no question for decision is presented to the [appellate court]." *Seabolt v. Seabolt*, 220 Ga. 181, 181 (1) (137 SE2d 642) (1964); accord *Bishop v. State*, 176 Ga. App. 357, 358 (335 SE2d 742) (1985) (appeal subject to dismissal where party's claim addresses issue for which there is no written order).

3

pursuant to OCGA § 9-11-54 (b), and therefore, it is not a final order. Accordingly, Nanoventions was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b), which it failed to do.

Nanoventions' failure to follow the required appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Pace Constr. Corp. v. Northpark Assocs.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994).



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* ___06/26/2023___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

4