**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 11, 2014**

# In the Court of Appeals of Georgia

A14A0008. THE STATE v. CROSSEN.

BARNES, Presiding Judge.

The State appeals from the trial court's order deviating from the mandatory minimum sentence requirements under OCGA § 17-10-6.2 (b), contending that the defendant has the burden of proving that he is eligible for the deviation. The statute provides that a defendant convicted of certain sexual offenses must be sentenced to at least the minimum term of imprisonment applicable to the offense, but allows the trial court to exercise its discretion to deviate from the mandatory minimum under certain circumstances. For the reasons that follow, we affirm.

Stephen Crossen was indicted on six counts of sexual exploitation of a child, OCGA § 16-12-100 (b)[1], one count of sodomy, OCGA § 16-6-2 (a) (1), six counts of misdemeanor dissemination of pornography to a minor, OCGA § 16-12-103 (a), and

---

[1] Three of the exploitation counts charged Crossen with enticing the victim to send him images of her engaging in sexually explicit conduct, and the other three counts were related to his possession of the images.

one count of interference with custody, OCGA § 16-5-45 (b). The charges stemmed from Crossen's involvement in a relationship with a 16-year-old girl, in which the two exchanged sexually explicit pictures and text messages and engaged in consensual oral sodomy in a public park on one occasion.

Crossen pled guilty to all charges and after accepting his plea, the trial court granted his request for a pre-sentence investigation. After the pre-sentence investigation report was complete, the trial court held a sentencing hearing, during which the State presented no aggravating factors or victim impact testimony. Crossen presented several character witnesses, and also testified. At the end of the hearing, the trial court found that OCGA § 17-10-6.2 required him to sentence Crossen to serve no less than the minimum statutory sentence on the sexual exploitation of children and sodomy counts, and sentenced him to seven years to serve five in custody on each of the six sexual exploitation of children counts and on the sodomy count, twelve months to serve on each of the six pornography dissemination counts, and one month to serve on the interference with custody count, all to be served concurrently.

Later that day, the trial court issued an order stating that it appeared to have misinterpreted the mandatory sentencing statute and set a hearing "for a reconsideration of the sentence." At the second hearing, held approximately two

2

weeks after the first one, the trial court informed the parties that it had determined that it had the discretion under OCGA § 17-10-6.1 (c) to sentence Crossen to less than the minimum statutory sentences on all of the charges against him except the sodomy count.

After hearing argument, the court resentenced Patterson, reducing his sentence on the six charges of sexual exploitation from seven years with five to serve in custody to five years with two to serve in custody. In its order approving the deviation, the trial court explained its reasoning and found as fact that there was no evidence of any of the factors listed in OCGA § 17-10-6.2 (c) (1) (A)-(F) that would prohibit it from exercising its discretion except as to the sodomy count. Regarding that count, the trial court found that the facts disclosed at the plea hearing established that Crossen had transported the victim to the park, and the fact of transportation foreclosed the court from exercising its discretion to sentence a defendant to less than the mandatory minimum under OCGA § 17-10-6.2 (c) (1) (E). In exercising its discretion to depart downward on the other counts, the court specified that it was relying on evidence introduced during the plea hearing, the first sentencing hearing, and the probation office's pre-sentence investigation. It found that

[t]he defendant has no prior convictions of any kind, the defendant did not use a deadly weapon or similar object during the commission of the offense, there was no evidence of similar transactions presented, the victim was not touched during the commission of the offense, the offense did not involve the transportation of the victim and the victim was not physically restrained during the commission of the offense.

The court further found that "the fact of a divergence not being available in only one count does not disqualify the defendant from receiving it in other counts where it is available. The allegations of the indictment combine offenses that occurred over a period of time." Finally, the trial court held that, contrary to the State's contention, Crossen did not bear the burden of proving his entitlement to the deviation. Instead, the court held, "the statute itself contemplates a failure of proof on the part of the State," and held that placing the burden of proof on the defendant "would be burden shifting and unconstitutional."

The State appeals, contending that the trial court erred in deviating from the mandatory minimum sentence under OCGA § 17-10-6.2 because "no evidence was presented as to any of the factors permitting deviation." The State further contends that the trial court erred in holding that the State, not the defendant, had the burden of establishing the existence of the statutory factors that prohibit the court from

4

deviating from the mandatory minimum. Under the circumstances in this case, we discern no error.

OCGA § 17-10-6.2 (a) lists ten crimes to be considered "sexual offenses" under the statute, including the offenses of sodomy and sexual exploitation of children. OCGA § 17-10-6.2 (a) (3), (10). Subsection (b) of the statute requires a trial court to sentence a person convicted of a "sexual offense" to a split sentence that must include at least the minimum term of imprisonment specified in the code section prohibiting the offense and an additional probated sentence of at least a year. The statute further provides, however, that the trial court, in its discretion,

> may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, provided that:
>
> (A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 [sexual offenses] or Part 2 of Article 3 of Chapter 12 of Title 16 [obscenity offenses related to minors], nor a prior conviction for any [similar] offense under federal law or the laws of another state . . .;
>
> (B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense;

5

(C) The court has not found evidence of a relevant similar transaction;

(D) The victim did not suffer any intentional physical harm during the commission of the offense;

(E) The offense did not involve the transportation of the victim; and

(F) The victim was not physically restrained during the commission of the offense.

OCGA § 17-10-6.2 (c) (1) (A)-(F).

We first note that "[p]enal statutes are always construed strictly against the State and liberally in favor of human liberty." *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969). Moreover, in so construing a statute, "the cardinal rule is to glean the intent of the legislature. Language in one part of the statute must be construed in the light of the legislative intent as found in the statute as a whole." (Citation and punctuation omitted.) *Goldberg v. State*, 282 Ga. 542, 544 (651 SE2d 667) (2007).

In addition, [in] interpreting a statute, we must presume that the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it. We construe statutes in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law

6

and the constitution, but also with reference to other statutes and
decisions of the courts.

(Citations and punctuation omitted). *Chase v. State*, 285 Ga. 693, 695-696 (2) (681 SE2d 116) (2009). And in so doing, criminal statutes "should not be limited or extended by application of subtle and forced interpretations." *State v. Johnson*, 269 Ga. 370, 371 (1) (499 SE2d 56) (1998).

In applying these principles, under the statutory scheme set forth in OCGA § 17- 10-6.2, a trial court is prohibited from probating, suspending, staying, deferring, or withholding any of the mandatory term of imprisonment stated for any of the specified offenses. *Hedden v. State*, 288 Ga. 871, 873-74 (708 SE2d 287) (2011). But, the statute permits, *at the trial court's discretion*, a deviation from the mandatory minimum *provided that* six factors are found. OCGA § 17-10-6.2 (c) (1) (A)-(F). Thus, the possibility of a less stringent sentence is permitted if Crossen had no prior conviction of any of the specified offenses, did not use a deadly weapon during the offense, there was no evidence of a relevant similar transaction, the victim did not generally physical harm during the crime; there was no transportation of the victim; and the victim was not physically restrained during the offense. Id. To that end, in a presentence hearing, the trial court takes into consideration all aspects of the crime,

7

including the past criminal record or lack thereof to determine a sentence. See generally *Johnson v. State*, 126 Ga. App. 757 (191 SE2d 614) (1972). Thus, in these circumstances, if the trial court determines that the requirements of OCGA § 17-6-6.2 (c) (1) (A)-(F) have been satisfied after the evidence was presented, then it could consider a downward deviation from the mandatory minimum. OCGA § 17-6-6.2 (c) (1) certainly "does not require a trial court to procure evidence that is not tendered, and the court certainly cannot force a party to put forth evidence." *Watts v. State*, 261 Ga. App. 230 (3). The statute permits the trial court in consideration of the evidence presented and in the exercise of its discretion to downward deviate if the statutory factors are absent. *Carr v. State*, 267 Ga. 547, 558 (8) (b) (480 SE2d 583) (1997).

The statute, however is silent in regard as to who carries the burden of establishing the absence of the factors that would permit a downward departure. This silence creates an ambiguity. See *State v. Langlands*, 276 Ga. 721, 724 (2) (583 SE2d 18) (2003). And, where the language in a criminal statute is ambiguous, it must be construed in favor of the defendant. *State v. Mills*, 268 Ga. 873, 875 (495 SE2d 1) (1998). Thus, the trial court did not err in doing so.

Moreover, the record demonstrates that the trial court held two pre-sentencing hearings and the option of downward deviation in OCGA § 17-6-6.2 (c) (1) was an

8

issue at both hearings. Subsequently, although fully aware of the trial court's intention to reconsider the OCGA § 17-10-6.2 provisions at the second sentencing hearing, the State presented absolutely no evidence about the existence of any statutory factors that would prohibit the court from deviating downward on Crossen's sentence. Thereafter, upon consideration of evidence adduced from the plea hearing, the sentencing hearings, and the pre-sentencing report, the trial court specifically found that the factors were absent except for the transportation of the victim in the sodomy count. To that end, the State does not maintain on appeal that Crossen was ineligible for a downward deviation on his sentence because other evidence of the OCGA § 17-10-6.2 (c) (1) factors exists which the trial court failed to consider.

Although the State filed a supplemental brief in which it argued that the trial court erred because each individual count constituted a "relevant similar transaction" to the other sexual offenses, and that under OCGA § 17-10-6.2 (c) (1) (C) the court was prohibited from sentencing Crossen to less than the mandatory minimum time for each count, we will not consider this new argument on appeal. As we have consistently held, a party cannot broaden his enumerated errors through argument or citations in a brief. *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007). "Attempts in a supplemental brief to expand the issues beyond the scope of

the enumeration of errors are improper." (Punctuation omitted.) *Campbell v. State*, 253 Ga. App. 325, 326 (3) (558 SE2d 857) (2002).[2]

Accordingly, in these circumstances, the trial court did not abuse its discretion in its downward departure in sentencing Crossen.

*Judgment affirmed. Boggs and Branch, JJ., concur.*

---

[2] The Georgia Association of Criminal Defense Lawyers argues, in its role as amicus curiae, that this Court should consider whether the trial court correctly found that the one instance of transportation in the sodomy count did not preclude it from exercising its discretion to deviate from the mandatory minimum sentences as to the other counts. However, the State did not enumerate this issue as error. Thus, as amicus briefs are "limited to issues properly raised by the parties," we considered GACDL's brief only to the extent it touched upon the error enumerated by the State. See Court of Appeals Rule 26 and *Fulton County v. Bartenfeld*, 257 Ga. 766, 771 (5) (363 SE2d 555) (1988) (appellate court cannot consider issue not raised by a party to the appeal).