**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 2, 2019**

# In the Court of Appeals of Georgia

A19A0659. KOROMA v. THE STATE.

BROWN, Judge.

Patrick Koroma entered negotiated pleas of guilty under *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970), to sexual battery and two counts of child molestation for the repeated sexual abuse of his twelve-year-old daughter.[1] The trial court sentenced Koroma to 20 years to serve 10 years in confinement with the balance probated. Koroma, proceeding pro se, filed a "motion to modify the sentence and sentence reduction," which the trial court ultimately

---

[1] Koroma was charged by indictment with rape, two counts of incest, aggravated sexual battery, child molestation, and aggravated child molestation. On December 1, 2014, Koroma entered a negotiated *Alford* plea to sexual battery as a lesser included offense of aggravated sexual battery; child molestation as a lesser included offense of aggravated child molestation; and child molestation as charged in the indictment. The trial court nolle prossed the remaining three counts of incest and rape.

denied. Koroma now appeals the denial of his motion, arguing that (1) the rule of lenity applies to his convictions and (2) the trial court should have exercised its discretion under OCGA § 17-10-6.2 (c) (1) to deviate below the statutory minimum sentences. For the following reasons, we affirm.

1. At the outset, we address whether this Court has jurisdiction to consider the instant appeal. Koroma filed an application for discretionary review of the trial court's order denying his motion to modify the sentence. We granted the application on August 9, 2016, and directed Koroma to file a notice of appeal within ten days. Although Koroma purportedly mailed his notice of appeal on August 16, 2016, it was not docketed until September 13, 2016. The State subsequently filed a motion to dismiss the appeal based on the untimely filing of Koroma's notice of appeal. This Court granted the State's motion to dismiss, but noted in our order the discrepancy between the date Koroma purportedly mailed the notice of appeal and the date the document was docketed. We advised that Koroma could challenge the filing date before the trial court, which he subsequently did by filing a motion to determine the proper filing date of his notice of appeal. After a hearing, the trial court found that September 13, 2016, was the proper filing date for his notice of appeal. However, the trial court also found that Koroma had filed a separate notice of appeal on July 27,

2

2016, before this Court granted his application for discretionary review. Thus, the trial court concluded that Koroma's appeal could proceed on his July 27, 2016 notice of appeal and directed the clerk to transmit the appeal.

As the trial court correctly noted, the prematurely filed July 27, 2016 notice of appeal ripened into a timely notice of appeal upon this Court's grant of the discretionary application. See *Burton v. ECI Mgmt. Corp.*, 346 Ga. App. 668, 670 (1) (816 SE2d 778) (2018). Accordingly, the appeal is properly before this Court, and we now turn to the merits of Koroma's appeal.

2. Koroma contends that the rule of lenity requires that he only be sentenced for sexual battery, and not child molestation, because the evidence shows that both offenses served as alternative charges for the same conduct. We disagree.

> As our Supreme Court has explained, the rule of lenity finds its roots in the vagueness doctrine, which requires fair warning as to what conduct is proscribed. More specifically, the rule of lenity ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment. Of course, if it is determined after applying the traditional canons of construction that the relevant statutory text is unambiguous, then the rule of lenity will not apply. The fundamental inquiry when making that assessment is whether the identical conduct

would support a conviction under either of two crimes with differing penalties.

(Citations, footnotes, and punctuation omitted.) *McNair v. State*, 326 Ga. App. 516, 518-519 (757 SE2d 141) (2014). Put another way, the operative question is whether "[Koroma]'s conduct, as charged, subjected him to prosecution and sentencing under [both statutes]." Id. at 521.

Here, Koroma was accused of sexual battery and child molestation. Under OCGA § 16-6-22.1 (b), "[a] person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." Under OCGA § 16-6-4 (a) (1), "[a] person commits the offense of child molestation when such person . . . does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"

Count 4 of Koroma's indictment accused him of committing aggravated sexual battery by "intentionally penetrat[ing] the sexual organ of [the victim] with a finger, a foreign object, without the consent of said person, contrary to the laws of said State. . . ." Count 5 of the indictment accused him of committing child molestation in "that the said accused person . . . did commit an immoral and indecent act to [the victim],

4

a child under the age of 16 years, with the intent to arouse and satisfy the sexual desires of himself by touching, rubbing and fondling the breasts of said child, contrary to the laws of said State. . . .” Finally, Count 6 of the indictment accused Koroma of committing aggravated child molestation in that “the said accused person . . . did commit an immoral and indecent act to [the victim], a child under 16 years of age, with the intent to arouse and satisfy the sexual desires of said accused by performing an act of sodomy, said act involving the mouth of the accused and the sex organ of the child, contrary to the laws of said State. . . .”

Under the facts of this case, no ambiguity exists between the sexual-battery statute and the child-molestation statute such that the rule of lenity applies. As laid out above, the indictment did not predicate the three offenses on the same conduct or act. Instead, each offense, as charged, was predicated on a separate sexual act Koroma perpetrated on the victim. Compare *McNair*, 326 Ga. App. at 521 (same operative facts of willfully and fraudulently possessing the credit-card number without the victim’s authorization and with the fraudulent intent to use that information satisfied the elements of both the financial-transaction-theft statute and the identity-theft statute). Further, the offense of child molestation required proof of additional facts which sexual battery did not: that the victim be under the age of 16 and that Koroma

5

sought to arouse his own sexual desires. See *Parfenuk v. State*, 338 Ga. App. 95, 100-101 (3) (789 SE2d 332) (2016) (rule of lenity did not apply where charges of sexual battery and child molestation were based on the same act of touching because offense of child molestation, as charged, required additional proof of defendant seeking to arouse his own sexual desires). Accordingly, the trial court did not err in finding that the rule of lenity did not apply.

3. Koroma argues that the trial court abused its discretion by not reducing his imposed sentence pursuant to OCGA § 17-10-6.2 (c) (1), which permits, at the trial court's discretion, a deviation from the mandatory minimum sentence for certain sexual offenses[2] provided that six factors are found. See *State v. Crossen*, 328 Ga. App. 198, 202 (761 SE2d 596) (2014). Specifically, OCGA § 17-10-6.2 (c) (1) provides:

> In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, when the prosecuting attorney and the defendant

---

[2] The Code Section's definition of the term "sexual offense" includes "[a] second or subsequent conviction for sexual battery, in violation of Code Section 16-6-22.1. . . ." OCGA § 17-10-6.2 (a) (9). Thus, Koroma's sexual battery conviction does not fall under the purview of OCGA § 17-10-6.2 (c) (1) because the record reflects it is Koroma's first conviction for sexual battery.

have agreed to a sentence that is below such mandatory minimum or provided that:

(A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16, nor a prior conviction for any offense under federal law or the laws of another state or territory of the United States which consists of the same or similar elements of offenses prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16;

(B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense;

(C) The court has not found evidence of a relevant similar transaction;

(D) The victim did not suffer any intentional physical harm during the commission of the offense;

(E) The offense did not involve the transportation of the victim; and

(F) The victim was not physically restrained during the commission of the offense.

Thus, the possibility of a less stringent sentence is permitted if Koroma had no prior conviction of any of the specified offenses; he did not use a deadly weapon during the offense; there was no evidence of a relevant similar transaction; the victim did not suffer physical harm during the crime; there was no transportation of the victim; and the victim was not physically restrained during the offense. See OCGA § 17-10-6.2 (c) (1) (A)-(F). See also *Crossen*, 328 Ga. App. at 202. In its order denying Koroma's motion to modify the sentence, the trial court found that the State had presented evidence of relevant similar transactions which would prevent it from deviating from the mandatory minimum.

In *Evans v. State*, 300 Ga. 271 (794 SE2d 40) (2016), the Georgia Supreme Court held that the phrase "relevant similar transaction" in OCGA § 17-10-6.2 (c) (1) (C) includes sexual offenses charged in the same indictment as the crime for which sentence is imposed so long as the acts are separate in time and not part of one sequence of events. 300 Ga. at 271-272. Here, Koroma was convicted of child molestation under Count 5 of his indictment. He was also convicted of a second crime of child molestation as a lesser-included offense to aggravated child molestation

under Count 6.[3] The child molestation crimes were alleged to be based upon two separate acts committed upon the victim between May 1, 2013, and October 10, 2013, based on the allegation that Koroma perpetrated multiple acts of sexual abuse against the victim over that period of time specified in the indictment. Because the acts that Koroma was convicted of committing were separated in time and were not part of one sequence of events, the trial court was correct to consider one act of child molestation to be a "relevant similar transaction" that precluded a downward modification of sentencing for the other crime of child molestation.[4] See *Evans*, 300 Ga. at 283.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*

---

[3] Child molestation is defined as a "sexual offense" for OCGA § 17-10-6.2 purposes. OCGA § 17-10-6.2 (a) (5).

[4] Koroma's argument that the State failed to meet its burden of proof by not "introduc[ing] any evidence or proof of any similar transaction or any testimony of the victim of any similar transaction" overlooks the fact that Koroma voluntarily entered into a negotiated guilty plea to both counts of child molestation. See *Dixon v. State*, 240 Ga. App. 644, 646 (1) (a) (524 SE2d 734) (1999) (*Alford* guilty plea may be used as evidence of an independent offense or act).