FINAL COPY
309 Ga. 639

S20A0988.  ROBERTS v. THE STATE.

WARREN, Justice.

Appellant Deanna Roberts pled guilty in federal court to a crime relating to the theft of a medical product, liquid silicone, that Roberts injected into the buttocks of Lateasha Hall, resulting in Hall's death.  When she was later indicted in the Superior Court of Fulton County for state crimes arising from Hall's death, including malice murder, Roberts filed a plea of statutory double jeopardy in superior court, contending that under OCGA § 16-1-8 (c), her conviction in federal court barred the state prosecution for all crimes except malice murder.  The trial court rejected that claim, and Roberts filed this direct appeal.  Because one of the statutory requirements for the OCGA § 16-1-8 (c) bar to apply is not satisfied here, we affirm the trial court's denial of Roberts's plea in bar.

1.  To begin, we address a jurisdictional issue that this Court has not squarely addressed before: whether the denial of a statutory

double jeopardy claim against successive prosecution under OCGA § 16-1-8 (c) is appealable under the collateral order doctrine. We conclude that it is.

The trial court order denying Robert's plea in bar is not obviously a final judgment that would be directly appealable under OCGA § 5-6-34 (a) (1) insofar as that order did not terminate the entire case in the trial court. See *Rivera v. Washington*, 298 Ga. 770, 773-774 (784 SE2d 775) (2016). However, the collateral order doctrine

> recognizes that a very small class of interlocutory rulings are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Id. at 774 (citation and punctuation omitted). "Thus, an order that satisfies the requirements of the collateral order doctrine . . . would be appealable because it comes within the terms of [the] relevant statutory right to appeal final judgments." Id. (citation and punctuation omitted).

It is well established that the denial of a constitutional double jeopardy claim is appealable under the collateral order doctrine. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). In *Patterson*, we explained in detail the reasoning for that rule. See id. at 876-877. But with regard to statutory double jeopardy claims like the one presented here, we have no cases fully addressing the issue. For example, in *Torres v. State*, 270 Ga. 79 (508 SE2d 171) (1998), we noted that Torres was bringing "a pre-trial direct appeal" of a plea of former jeopardy based on OCGA § 16-1-8 (c), and we then cited *Patterson* with no mention of the collateral order doctrine and no analysis of why a statutory double jeopardy claim under OCGA § 16-1-8 (c) was directly appealable under that doctrine.[1] See *Torres*, 270

---

[1] Our opinion in *Torres* also noted that Torres's direct appeal was "from the denial of his motion for a judgment of acquittal by reason of the denial of his constitutional right to a speedy trial," 270 Ga. 79, citing *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985). *Hubbard* held that a denial of a statutory speedy trial claim was directly appealable under the collateral order doctrine. See 254 Ga. at 695. At the time of the *Torres* decision, this Court, relying on *Hubbard*, had held that the denial of a pre-trial constitutional speedy trial claim was directly appealable. See *Boseman v. State*, 263 Ga. 730, 730 n. 1 (438 SE2d 626) (1994). Although *Hubbard* remains good law, *Boseman* does not. In *Sosniak v. State*, 292 Ga. 35, 40 (734 SE2d 362) (2012), we overruled *Boseman*, concluding that we had erred in that case in holding that a pre-trial

Ga. at 79. Similarly, the Court of Appeals has summarily held that the denial of a statutory double jeopardy claim is directly appealable. See *Sellers v. State*, 332 Ga. App. 14, 14-15 n.1 (770 SE2d 31) (2015) (not mentioning the collateral order doctrine, but citing *Malloy v. State*, 293 Ga. 350, 352 (744 SE2d 778) (2013), a constitutional double jeopardy case in which we said that the defendant had a right to direct appeal under *Patterson*); *McCannon v. State*, 168 Ga. App. 471, 471 (309 SE2d 636) (1983) (not mentioning the collateral order doctrine, but citing *Patterson*).[2]

We now explain why the denial of a timely plea in bar based on a statutory double jeopardy claim is appealable under the collateral order doctrine. In reaching that conclusion, we look to our precedent in *Patterson*, 248 Ga. 875, where we relied on the reasoning of *Abney v. United States*, 431 U.S. 651 (97 SCt 2034, 52 LE2d 651) (1977), to

---

denial of a constitutional speedy trial claim is directly appealable under the collateral order doctrine. Accordingly, to the extent that *Torres* follows *Boseman's* reasoning, *Torres* is no longer good law.

[2] In *McCannon*, we granted certiorari and reversed on the merits of the case, but did not address the appealability issue. See *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984).

explain that the denial of a constitutional double jeopardy claim was appealable under the collateral order doctrine because "'there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim'"; because "'the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue of the accused's impending criminal trial'"; and because "'the rights conferred on a criminal accused by the Double Jeopardy clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.'" *Patterson*, 248 Ga. at 876 (quoting *Abney*, 431 U.S. at 659-660). With regard to the latter consideration, we reiterated that the Double Jeopardy Clause "is a guarantee against being twice put to trial for the same offense" and that this protection

> "would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. . . . [If] a criminal defendant is to avoid exposure to double

jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs."

*Patterson*, 248 Ga. at 876 (quoting *Abney*, 431 U.S at 662; emphasis omitted).

So too with a claim of statutory double jeopardy. Like in *Patterson* and *Abney*, Roberts has asserted a claim seeking protection from successive prosecution, though based on OCGA § 16-1-8 (c) and not the Georgia or United States Constitutions. See *Calloway v. State*, 303 Ga. 48, 52 (810 SE2d 105) (2018) (explaining that OCGA § 16-1-8 (c) imposes "a statutory limitation to some successive prosecutions"). We thus conclude that the same considerations that led us to hold in *Patterson* that the denial of a constitutional double jeopardy claim is directly appealable under the collateral order doctrine also apply here. See *Carman v. State*, 304 Ga. 21, 25 (815 SE2d 860) (2018) (explaining that we generally treat this State's statutory double jeopardy claims "in a manner consistent with case law from the United States Supreme Court

regarding the Fifth Amendment"). Accordingly, we conclude that the denial of Roberts's statutory double jeopardy claim against successive prosecution under OCGA § 16-1-8 (c) is directly appealable under the collateral order doctrine.[3]

2. We turn now to the specifics of Roberts's claim that OCGA § 16-1-8 (c) bars her prosecution for state crimes arising from Hall's death, because she has already been convicted of a federal offense in federal court for a crime arising from the same conduct.[4]

On May 11, 2016, the federal government indicted Roberts for eight offenses relating to her use of liquid silicone, including two

---

[3] Although Roberts does not seek the dismissal of the malice murder count of her indictment, that does not preclude a direct appeal under the collateral order doctrine of the denial of her plea in bar. See 7 Wayne R. LaFave et al., Criminal Procedure § 27.2 (c) (4th ed., Dec. 2019 update) (explaining that "'the touchstone for interlocutory jurisdiction is a . . . claim that, if successful, would require dismissal of, at a minimum, an entire count'") (citation omitted).

[4] Roberts properly makes no claim that her state prosecution is constitutionally barred. Under the dual sovereignty doctrine, "the State [is] not constitutionally barred from prosecuting [Roberts] merely because the federal government had already done so." *Calloway*, 303 Ga. at 52. "[W]here a single act violates the law of two sovereigns (e.g., the United States and a state)," the dual-sovereignty doctrine permits an individual to be "prosecuted and punished by each sovereign without violating double jeopardy." Id. The United State Supreme Court recently reaffirmed that doctrine in *Gamble v. United States*, ___ U.S. ___ (139 SCt 1960, 204 LE2d 322) (2019).

offenses relating to her injection of liquid silicone into Hall. Only one of the offenses relating to Hall is relevant here. That offense, to which Roberts pled guilty in federal court on June 1, 2017, was for violating 18 USC § 670 ("Theft of medical products"). With regard to that offense, the federal indictment alleged that Roberts,

> in and using a means and facility of interstate commerce, did knowingly possess and transport a pre-retail medical product, that is, liquid silicone, that was involved in a violation of Title 18, United States Code, Section 670 (a) (1), that is, the defendant in and using a means and facility of interstate commerce, did by fraud and deception obtain liquid silicone which the defendant injected into the buttocks of L.H., and said violation did result in the death of L.H., in that the death of L.H. resulted from the use of the liquid silicone obtained by the defendant by means of fraud and deception, in violation of Title 18, United States Code, Sections 670 (a) (3), (b) (2) (C), and (c) (1).[5]

---

[5] 18 USC § 670 (a) (1), (3) and (6) provide that "[w]hoever, in, or using any means or facility of, interstate . . . commerce" "by fraud or deception obtains, or knowingly and unlawfully takes, carries away, or conceals a pre-retail medical product" or "knowingly possesses, transports, or traffics in a pre-retail medical product that was involved in a violation of paragraph (1) or (2) . . . shall be punished as provided in subsection (c) and subject to the other sanctions provided in this section." Subsection (b) (2) (C) of 18 USC § 670 provides that "[a]n offense under this section is an aggravated offense if . . . the violation . . . results in serious bodily injury or death, including serious bodily injury or death resulting from the use of the medical product involved[.]" Finally, 18 USC § 670 (c) (1) provides that if a person violates 18 USC § 670 (a) and "the offense is an aggravated offense under subsection (b) (2) (C)," the

Then, on August 8, 2017, Roberts was indicted by a Fulton County grand jury for five state crimes stemming from her injection of liquid silicone into the buttocks of Hall, an act that is alleged to have caused Hall's death when the liquid silicone traveled to Hall's lungs, rendering them useless. The state indictment charged Roberts with malice murder, felony murder predicated on aggravated battery, felony murder predicated on practicing medicine without a license, practicing medicine without a license, and aggravated battery.

In October 2019, Roberts filed a statutory double jeopardy claim, contending that, because she had been convicted of violating 18 USC § 670 in federal court, her state prosecution was barred by OCGA § 16-1-8 (c) for all crimes alleged in the Fulton County indictment except for malice murder. The trial court denied that claim, and Roberts contends on appeal that it erred in doing so.

OCGA § 16-1-8 (c) bars successive prosecutions

person "shall be fined under this title or imprisoned not more than 30 years, or both[.]"

if the accused was formerly prosecuted in a district court of the United States for a crime which is within the concurrent jurisdiction of this state if such former prosecution resulted in either a conviction or an acquittal and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution or unless the crime was not consummated when the former trial began.

This Court has explained that three factors must be satisfied for OCGA § 16-1-8 (c) to bar a state prosecution. See *Calloway*, 303 Ga. at 52. First, there is a "threshold" requirement that the federal crime must be within the State's concurrent jurisdiction. See id. Second, the federal prosecution must have resulted in a conviction or acquittal.[6] Third, the state and federal prosecutions "[must be] for the same conduct and [must] not require proof of a fact not required by the other (or the state crime was not complete at the time of the federal trial)." Id. See also *Sullivan v. State*, 279 Ga. 893, 894, 896 & n.2 (622 SE2d 823) (2005).

Here, we conclude that Roberts's prosecution is not barred by OCGA § 16-1-8 (c) because the third element of its test is not

---

[6] It is undisputed that the second element is satisfied here.

satisfied insofar as the federal and state prosecutions each require proof of a fact not required by the other.[7]  See *Calloway*, 303 Ga. at 52.

> This determination is comparable to the "required evidence" test used to determine whether an act that violates more than one statute may be prosecuted and punished as multiple offenses.  See *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) ("[I]f each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.").

Id. at 54.

As explained above, the federal crime of theft of medical products, 18 USC § 670, requires proof of the element of interstate commerce — a fact not required to be proved by any of the four state offenses at issue, i.e., the two counts of felony murder and their predicate felonies.  See OCGA §§ 16-5-1 (c) (felony murder); 16-5-24 (a) (aggravated battery); 43-34-42 (practicing medicine without a license).  Cf. *Calloway*, 303 Ga. at 56 (distinguishing the case of

---

[7] For that reason, we need not decide whether this State had concurrent jurisdiction over the federal offense or whether the federal and state offenses were for the same conduct.

*Marshall v. State,* 286 Ga. 446 (689 SE2d 283) (2010), from the situation in *Calloway* on the ground that the federal offense in *Marshall*, unlike the one in *Calloway*, "required proof of a fact that was not required to establish the state offense — that the defendant possessed a firearm that was 'in and affecting interstate commerce'").

Moreover, the state offenses of aggravated battery and felony murder predicated on aggravated battery require proof that Roberts "maliciously cause[d] bodily harm" to the victim. OCGA § 16-5-24 (a). See also *Strong v. State*, 309 Ga. \_\_\_, \_\_\_ (\_\_\_ SE2d \_\_\_) (2020). Roberts argues that the federal crime of theft of medical services, see 18 USC § 670, contains an element of malicious intent because it is the type of intent that one could infer from injecting a person with a substance like liquid silicone. But even if that is so, we are required to compare the *elements* of the federal and state crimes, see *Calloway*, 303 Ga. at 54-56, and 18 USC § 670 contains no element that Roberts had to maliciously cause Hall bodily harm.

Turning to the state offenses of practicing medicine without a

license and felony murder predicated on that offense, they require proof that Roberts "suggest[ed], recommend[ed], or prescribe[d] [a] form of treatment for the palliation, relief, or cure of [a] physical or mental ailment of any person" without having a "valid license to practice medicine[.]" OCGA § 43-34-22 (a) (specifying when a person "shall be deemed to be practicing medicine without complying with this article and shall be deemed in violation of this article"); see also OCGA § 43-34-42 (a) ("Any person who practices medicine without complying with this article or who otherwise violates any provision of this article shall be guilty of a felony and, upon conviction thereof, shall be punished by a fine of $1,000.00 per each violation or by imprisonment from two to five years, or both."). No proof of such facts is required to convict someone of violating 18 USC § 670.

In an attempt to overcome this hurdle, Roberts argues that the introductory allegations of her federal indictment allege that Roberts "falsely and with intent to defraud claimed to the victims and others that she was a licensed medical practitioner, when in truth and in fact, she was not a licensed medical practitioner." But

this indictment language does not help Roberts, either. Even assuming that federal prosecutors were required to prove the introductory allegations of the indictment, we are required to compare the *elements* of the federal and state crimes, see *Calloway*, 303 Ga. at 54-56, and the federal crime at issue here does not require proof that Roberts practiced medicine without a license, see 18 USC § 670.

For these reasons, the federal offense of theft of medical services required proof of a fact not required by the four state offenses, and the four state offenses each require proof of a fact that the federal offense does not. Accordingly, OCGA § 16-1-8 (c) does not bar the State's prosecution of Roberts for the state offenses for which she was indicted.

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 24, 2020.

Murder. Fulton Superior Court. Before Judge Carnesale.

*Stephen R. Scarborough, Meghan B. Callier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.