**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 21, 2022**

# In the Court of Appeals of Georgia

A22A0953. MECOMBER v. THE STATE.

MERCIER, Judge.

Following a guilty plea, Adam Christian Mecomber was convicted of sexual exploitation of children (possession of child pornography). The trial court sentenced him to two years in confinement, followed by eighteen years on probation. Mecomber appeals, asserting that his sentence is void because the trial court failed to apply the rule of lenity. Finding no error, we affirm.

The record shows that Mecomber was charged with ten counts of child sexual exploitation, with each count alleging that, in violation of OCGA § 16-12-100 (b), he knowingly possessed and controlled a specified digital photograph depicting a minor engaged in sexually explicit conduct. Mecomber pled guilty to the charges, and the trial court merged all counts into Count 1 at sentencing. It then imposed a 20-year

felony sentence. Challenging this felony sentence on appeal, Mecomber argues that the "rule of lenity" required misdemeanor punishment. We disagree.

The rule of lenity is rooted "in the vagueness doctrine, which requires fair warning as to what conduct is proscribed." *Koroma v. State*, 350 Ga. App. 530, 531 (2) (827 SE2d 903) (2019) (citation and punctuation omitted). It "ensures that if and when an ambiguity exists in one or more statutes, such that the law exacts varying degrees of punishment for the same offense, the ambiguity will be resolved in favor of a defendant, who will then receive the lesser punishment." Id. (citation and punctuation omitted). The key inquiry "is whether the identical conduct would support a conviction under either of two crimes with differing penalties." Id. (citation and punctuation omitted).

Mecomber was charged with knowingly possessing and controlling material depicting a minor engaged in sexually explicit conduct. See OCGA § 16-12-100 (b) (8) ("It is unlawful for any person knowingly to possess or control any material which depicts a minor o]r a portion of a minor's body engaged in any sexually explicit conduct."). Such conduct is generally punishable as a felony. See OCGA § 16-12-100 (f) (1). Mecomber argues, however, that this same conduct *also* constitutes a misdemeanor violation of OCGA § 16-12-100 (c), which provides:

A person who, in the course of processing or producing visual or printed matter either privately or commercially, has reasonable cause to believe that the visual or printed matter submitted for processing or producing depicts a minor engaged in sexually explicit conduct shall immediately report such incident, or cause a report to be made, to the Georgia Bureau of Investigation or the law enforcement agency for the county in which such matter is submitted.

See also OCGA § 16-12-100 (f) (2) ("Any person who violates subsection (c) of this Code section shall be guilty of a misdemeanor.").

In Mecomber's view, possession and control of digital images in violation of OCGA § 16-12-100 (b) (8) is equivalent to "processing and producing" visual matter under OCGA § 16-12-100 (c), triggering the rule of lenity. But the offenses proscribed by these two provisions are distinct. Unlike OCGA § 16-12-100 (b) (8), knowing possession or control is not the primary concern of OCGA § 16-12-100 (c). A subsection (c) violation results when a person responsible for processing or producing visual or printed material *fails to report to law enforcement* that the material contains child-related sexually explicit content. The failure to report, rather than knowing possession or control of such material, gives rise to a misdemeanor charge. See OCGA § 16-12-100 (c).

Mecomber was not indicted for failure to report sexually explicit material involving a child. He was charged with — and pled guilty to — knowing possession and control of the material. The charged conduct falls within the felony provision of OCGA § 16-12-100 (b) (8), not the misdemeanor language of OCGA § 16-12-100 (c). The rule of lenity, therefore, does not apply. See *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007) (rule of lenity does not apply when "the two statutes do not define the same offense"); *In the Interest of P. T.*, 353 Ga. App. 511, 516 (1) (b) (838 SE2d 596) (2020) (rule of lenity does not apply where statutes at issue "do not involve conflicting definitions and do not define the exact same conduct"); *Koroma*, supra at 531 (2) ("[T]he operative question is whether [the defendant's] conduct, as charged, subjected him to prosecution and sentencing under both statutes.") (citation and punctuation omitted); *Gordon v. State*, 334 Ga. App. 633, 637 (780 SE2d 376) (2015) ("[T]he essential requirement of the rule of lenity is that both crimes could be proved with the same evidence.") (citation and punctuation omitted).

*Judgment affirmed. Dillard, P. J., and Markle, J., concur.*