**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 10, 2025**

# In the Court of Appeals of Georgia

A24A1850. MADDOX v. THE STATE.

WATKINS, Judge.

Ereco Maddox pled guilty to two counts of child molestation, and the trial court pronounced an oral sentence of ten years of probation based upon its conclusion that it was authorized to deviate downward from the mandatory minimum sentence due to the facts of the case. Subsequently, the trial court entered an order that the orally pronounced sentence was void and that it would hold another sentencing hearing. Maddox filed a motion to reinstate the original sentence and the trial court held a hearing at which the victim testified. The trial court denied Maddox's motion, and Maddox timely appealed. For the reasons herein, we hold that the trial court erred in

denying Maddox's motion, and we vacate the trial court's order with direction to proceed in a manner not inconsistent with this opinion.

Generally, it violates a defendant's protection from double jeopardy to increase his sentence once he has begun to serve it.[1] "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion. But we review de novo the trial court's application of the law to undisputed facts."[2] So viewed, the record shows that Maddox was indicted for aggravated child molestation and child molestation, and he pled guilty to two counts of child molestation.[3] The only facts proffered by the State during the plea hearing

---

[1] See *United States v. Benz*, 282 U. S. 304, 307 (51 SCt 113, 75 LEd 354) (1931) ("The distinction that the court during the same term may amend a sentence so as to mitigate the punishment, but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'").

[2] (Citation and punctuation omitted.) *Daniels v. State*, 355 Ga. App. 134, 136 (843 SE2d 18) (2020).

[3] OCGA § 16-6-4 (a).

were the details of the sexual encounter between Maddox and the victim, not the circumstances surrounding the encounter. Notably, the State did not allege or offer evidence that Maddox transported the victim.

The trial court subsequently held a sentencing hearing and orally pronounced that it would deviate downward from the mandatory minimum sentence for child molestation pursuant to the authority granted to it by OCGA § 17-10-6.2 (c) (1). The trial court orally sentenced Maddox to ten years of probation, and at the end of the hearing the trial court directed Maddox to see the probation officer before he left court after the hearing.

Maddox registered as a sex offender shortly thereafter, as he was required to do pursuant to his probation terms, and he paid for an ankle monitor. When Maddox registered his address, he was initially informed that his home was impermissibly close to a pool, a park, and a school. As a result, Maddox filed paperwork in which he stated that he was living in a tent in a parking lot until his home was approved as a permissible residence.

Thereafter, the trial court issued an order stating that the orally pronounced sentence was void, and it scheduled a second sentencing hearing. Maddox filed a

motion to reinstate the orally pronounced sentence or, in the alternative, a plea of double jeopardy.

At the re-sentencing hearing, the victim testified for the first time. He testified that he met Maddox on an app called Grindr and that he told Maddox he was 18 years old when he was only 14 at the time. He stated that Maddox drove him to a hotel where they engaged in oral sex and sexual intercourse before Maddox drove him back home.

Following the hearing, the trial court denied Maddox's motion, finding that the orally pronounced sentence was void as it imposed a punishment the law did not allow, and thus it could be corrected at any time. Specifically, the trial court found that Maddox was not permitted a downward deviation from the mandatory minimum sentence pursuant to OCGA § 17-10-6.2 (c) (1) because the commission of the crime involved the transportation of the victim. The trial court further found that the re-sentencing presented no double jeopardy violation because the orally pronounced sentence was void. This appeal followed.[4]

---

[4] Nothing in the record indicates that Maddox has been re-sentenced yet. Nonetheless, we have jurisdiction to hear this appeal. See *Roberts v. State*, 309 Ga. 639 (1) (847 SE2d 541) (2020).

Maddox contends that the trial court erred by denying his motion to reinstate the orally pronounced sentence. We agree.

Georgia law defines child molestation as a sexual offense, and generally requires that a person convicted of such a crime "shall be punished by imprisonment for not less than five nor more than 20 years[.]"[5] Trial courts, however, have discretion to deviate from the mandatory minimum sentence if certain factors are met. Trial courts do not have discretion to deviate from the mandatory minimum sentence if the crime involved the transportation of the victim.[6]

Here, the State provided no evidence or argument at the plea hearing or the initial sentencing hearing that the crime involved the transportation of the victim.[7] OCGA § 17-10-6.2 (c)

---

[5] OCGA §§ 16-6-4 (b) (1); 17-10-6.2 (a) (5).

[6] OCGA § 17-10-6.2 (c) (1) (E); see *Avila v. State*, 333 Ga. App. 66, 69 (775 SE2d 552) (2015).

[7] In its brief, the State quotes from a pre-sentence letter that it allegedly provided to the court which details allegations of transportation of the victim. Not only is a pre-sentence report not evidence, but also no pre-sentence reports appear in the record. See *Williams v. State*, 254 Ga. App. 836 (1) (563 SE2d 914) (2002) ("Information in pre-sentence reports may not be regarded as evidence either in aggravation or mitigation of sentence since the reports are not part of the evidence introduced at a pre-sentence hearing.").

permits the trial court *in consideration of the evidence presented* and in the exercise of its discretion to downward deviate if the statutory factors are absent. The statute, however is silent in regard as to who carries the burden of establishing the absence of the factors that would permit a downward departure. This silence creates an ambiguity. And, where the language in a criminal statute is ambiguous, it must be construed in favor of the defendant.[8]

Accordingly, it is the State's burden to present evidence of the absence of any statutory factor that would prohibit a downward deviation in sentencing.[9] Here, the State did not do so at either the plea or the sentencing hearing, even upon hearing the trial court orally pronounce a deviation. Thus, we hold that the orally pronounced sentence was not void. At the time of the pronouncement, the trial court had no evidence before it that deviation was impermissible, and thus the rule that a void sentence can be vacated at any time is inapplicable to the facts of this case.[10]

---

[8] (Citations and punctuation omitted; emphasis supplied.) *State v. Crossen*, 328 Ga. App. 198, 202 (761 SE2d 596) (2014).

[9] See id.

[10] See *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) (holding that "a sentencing court has jurisdiction to vacate a void sentence at any time") (emphasis omitted).

The State also argues that the sentence could be amended as it was only an oral pronouncement.

> In general, an oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. Still, [Maddox] is correct that an oral declaration of a sentence may not be increased after the defendant has begun to serve it. Indeed, this Court has stated that judgments of a court are within its breast until the end of the term, and the sentence may be amended at any time during the term and before execution has begun. However, once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy.[11]

This Court has held that a defendant enters upon service of a probated sentence by meeting with a probation officer after the sentence is imposed.[12] Here, the record reflects that the trial court instructed Maddox to meet with a probation officer before leaving court after sentencing. It also shows that Maddox registered as a sex offender, purchased an ankle monitor, and temporarily moved into a tent until the probation office deemed his residence legal.

---

[11] (Citations and punctuation omitted.) *Caldwell v. State*, 355 Ga. App. 608, 610-611 (845 SE2d 345) (2020).

[12] *Fowler v. State*, 188 Ga. App. 873, 875 (7) (374 SE2d 805) (1988).

It is true that "a defendant has no legitimate expectation of finality where the sentence was void, and thus [a] trial court [is] authorized to impose a new, and more severe, sentence even [when a defendant has] started serving [the void sentence];"[13] however, as we stated above, the orally pronounced sentence was not void because the State had not met its burden of introducing evidence that the victim was transported prior to the oral pronouncement or commencement of the service of the sentence. Accordingly, increasing Maddox's sentence would violate his Fifth Amendment protection against double jeopardy.[14] The trial court's order denying Maddox's motion is vacated and the case is remanded with direction to proceed in a manner not inconsistent with this opinion.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*

---

[13] *Pittman*, 366 Ga. App. at, 374-375 (1).

[14] See *Williams v. State*, 273 Ga. App. 42, 47 (6) (614 SE2d 146) (2005) (The defendant "had already begun serving his sentence at the time that the trial court increased his punishment from 15 years to 20 years. The original sentence was final at the time that it was imposed, and [the defendant] had no reason to believe that it was otherwise. Thus, the trial court's increased sentence constituted double jeopardy and cannot stand. We therefore vacate the sentence and remand this case to the trial court for resentencing.")